## HORTON v. PRAGUE NAT. BANK.

No. 7510—Opinion Filed July 11, 1916.

Rehearing Denied September 19, 1916.

(159 Pac. 930.)

1. **New Trial—Appeal from Justice Court—Authority of County Court.**

A county court, upon a trial de novo of a cause appealed from a justice court, has power for proper causes to grant a new trial.

2. **New Trial—Right to—Verdict.**

It is the duty of the trial judge in courts of record to either approve the verdict of the jury or to grant a new trial; and unless the trial judge believes that the verdict is just and is sustained by the weight of the evidence, he should set the same aside and grant a new trial.

3. **Same—Sufficiency of Evidence.**

A motion for new trial which assigns as grounds therefor "that said verdict is not supported by the evidence; that said verdict is contrary to the weight of the evidence"—authorizes the trial court to set aside a verdict which he believes to be contrary to the weight of the evidence.

4. **Same—Motions—Jurisdiction.**

A motion for new trial was filed within three days after the rendition of judgment, and at the term at which the cause was tried, but said motion was not determined by the trial court until the succeeding term. Held, that the trial court was not divested of jurisdiction to determine said motion.

(Syllabus by Burford, C.)

Error from County Court, Lincoln county; H. M. Jarrett, Judge.

Action by the Prague National Bank, a corporation, against Sam Horton. There was judgment for defendant, and from an order granting a new trial, the defendant appeals. Affirmed.

Erwin & Erwin, for plaintiff in error.

J. L. McKamy and E. A. Foster, for defendant in error.

Opinion by BURFORD, C. This was an action originally instituted in a justice court of Lincoln county by the Prague National Bank, a corporation, against Sam Horton. A trial was had to a justice of the peace, and judgment rendered for defendant. From such judgment the plaintiff appealed to the county court of Lincoln county, where a trial was had to a jury and a verdict found for the defendant, upon which verdict on the same day it was returned, a judgment for defendant was entered. Within three days thereafter, and at the same term at which the trial was had, a motion for new trial was filed; at a subsequent term the county court granted a new trial, from which order the defendant appeals.

It is urged that the county court of Lincoln county had no power to grant a new trial by reason of the provisions of chapter 53, Sess. Laws 1913, which provide as follows:

"Justices of the peace shall not grant new trials for any cause after a verdict by a jury."

It is insisted that, inasmuch as this was a cause appealed from a justice of the peace, the county court exercised only jurisdiction of a justice of the peace, and is therefore bound by the limitations of the statute above quoted. It is true that this court has held (Vowell v. Taylor, 8 Okla. 625, 58 Pac. 944; Hesser et al. v. Johnson, 13 Okla. 53, 74 Pac. 320) that in an action appealed from a justice of the peace the appellate court takes only appellate jurisdiction, and can hear and determine the case only as one within the jurisdiction of the lower court, but this doctrine is applicable only in so far as it involves no loss of constitutional rights. The Constitution of the state guarantees the right of trial by jury (section 19, art. 2), and this trial so guaranteed is a trial according to the course of the common law, and the same

in substance as that in use when the Constitution was formed, except in so far as such right is modified by the Constitution itself. The modifications provided by the Constitution of this state are that in county courts and courts not of record a jury shall consist of six men, and in all civil cases and criminal cases less than felonies three-fourths of the whole number of jurors should have power to return a verdict. Baker v. Newton, 27 Okla. 436, 446, 112 Pac. 1034. Embraced within the right of trial by jury according to the common law, and remaining unchanged by the Constitution, is the right of the trial judge to instruct the jury as to the law and to set aside their verdict if, in his opinion, it is against the evidence. Baker v. Newton, supra; American Pub. Co. v. Fisher. 166 U. S. 464, 17 Sup. Ct. 618, 41 L. Ed. 1079; Capitol Traction Co. v. Hof. 174 U. S. 1, 19 Sup. Ct. 580. 43 L. Ed. 873. Trials in a justice court where the jury are the judges of the law and the fact, and where, as at the present in this state, the justice may not grant a new trial, are sustained upon the theory that a trial de novo is granted in the appellate court, and that there the party obtains the jury trial guaranteed to him by the Constitution, but if we should hold that the act of the Legislature, as insisted by the plaintiff in error, applies to the trial in the county court, then the act must necessarily be void, as it would deny the litigant at all stages of the proceeding the trial by jury as guaranteed by the Constitution. It is our duty to construe the act so as to render it constitutional if possible. As such we are constrained to hold that it applies only to justices of the peace, and does not apply to county courts upon appeal.

The principles sustaining these views are not new in this jurisdiction. In Baker v. Newton. supra, Mr. Justice Hayes, speaking for the court in an elaborate discussion of the questions involved. held that in causes of action instituted in the county court. but within the jurisdiction of the justice of the peace, sections 1872, 1873, Wilson's Rev. & Ann Stats., providing that in the former probate court in all cases which are within the jurisdiction of a justice court, the practice,. proceedings and pleadings, both before and after judgment, provided for justice procedure should be applicable, were not in force as to the county court for the reason that the trial by jury granted by the Constitution was thereby denied, and that the party was entitled to a trial at which the judge was empowered to instruct the jury, and to set aside their verdict if, in his opinion it was against the evidence or the law. It is true that the exact point in issue in that case was

the right to instruct the jury, but the right to set aside their verdict is coincident with the right to instruct them; and, if the one is granted by the Constitution, so is the other. In Tate v. Stone, 35 Okla. 369, 373, 130 Pac. 296, this court applied the doctrine laid down in Baker v. Newton, supra, to a case originating in a justice court, but appealed to the county court. The doctrine of those cases is conclusive of the question raised, and constrains us to the holding above announced, which we conceive to be sound, not only upon authority, but upon principle.

It is next contended that the motion for new trial sets out no sufficient grounds to authorize the trial court to grant such new trial. Without considering in detail the various grounds alleged in the motion, it sets out, among other things, the following grounds:

"That the verdict is not supported by the evidence, and that the verdict is contrary to the weight of the evidence.".

These grounds alone would be sufficient to authorize the trial court to grant a new trial if he found them to be true. As the judgment on the motion is general, we are not advised upon what ground it was sustained, and therefore, if the motion sets out any ground upon which the action of the trial court may have been proper, we will not reverse it. This court has frequently held that it is the duty of the trial court to either approve the verdict of the jury or to grant a new trial; that if in his conscience he does not believe the verdict to be just and in accordance with the weight .of the evidence, he should set it aside; that he must sit as a thirteenth juror. Yarnell v. Kilgore, 15 Okla. 591, 82 Pac. 990; Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890; Rison v. Harris, 50 Okla. 764, 151 Pac. 584. The grounds alleged in the motion for a new trial as above quoted are sufficient to challenge the attention of the trial court to his duty in this regard, and if he felt that the verdict was not according to the weight of the evidence and was unjust, it was not only his right but his duty to grant a new trial.

It is finally urged that the court had no jurisdiction to grant the motion for a new trial after the expiration of the term at which the cause was tried and the motion filed. Section 5035. Rev. Laws 1910. provides, with certain exceptions. "that the application for a new trial must be made at the term the verdict. report or decision is rendered." and within three days after such verdict or decision. Section 5267. Rev. Laws 1910. provides, in part, as follows:

"The district court shall have power to vacate or modify its own judgments or orders,

at or after the term at which such judgment or order was made: First. By granting a new trial for the cause, within the time and in the manner prescribed in section 5035."

Construing these two sections, it has been held by the Supreme Court of Kansas that if the motion be filed within proper time, it may be acted upon at a subsequent term. Brenner v. Bigelow, 8 Kan. 496; Mounds City Ins. Co. v. Twining, 19 Kan. 349. This court has in effect announced the same doctrine in School District No. 38 v. School District No. 92, 42 Okla. 228, 140 Pac. 1144; Burcham v. Edwards, 37 Okla. 194, 131 Pac. 528. Under these holdings the act of the trial court in granting the motion for new trial at a subsequent term was within his power.

We find no error in the record, and the judgment appealed from should be affirmed.

By the Court: It is so ordered.