## HENNESSEY OIL & GAS CO. et al. v. NEELY et al.

No. 7684—Opinion Filed Jan. 2, 1917.

(162 Pac. 214.)

**1. New Trial—Motion For—Duty of Trial Court.**

In passing on a motion for a new trial, in which motion the verdict of the jury is challenged upon the ground that it is not supported by the evidence in the case, it is the duty of the court to weigh the evidence and determine its effect, and if the verdict is one which he cannot conscientiously approve, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial.

**2. Appeal and Error—Review—New Trial.**

In this case the trial court entertained an erroneous conception of its duty in passing on the motion for a new trial, and refused to weigh the evidence and determine its effect, and denied the motion for a new trial. It appears from the record herein that the trial court would have granted a new trial if it had properly recognized its right to weigh the evidence and determine its effect. Held, this court must reverse the judgment and direct that a new trial be granted.

(Syllabus by Campbell, C.)

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action by Wilbur M. Neely, Jr., and Charles Bowman, doing business as Neely & Bowman, against the Hennessey Oil & Gas Company and J. M. Foltz, and H. M. Foltz, doing business as Foltz Bros. Judgment for plaintiffs, and defendants bring error. Reversed.

W. W. Noffsinger, Y. B. Broome, and E. H. Bispham, for plaintiffs in error.

Thomas H. Owen, Joseph C. Stone, and Alvin F. Molony, for defendants in error.

Opinion by CAMPBELL, C. This action was commenced in the district court of Muskogee county by Neely & Bowman as partners against the Hennessey Oil & Gas Com-

pany and Foltz Bros., a copartnership, for the recovery of the possession of a drilling machine and its complete equipment of the value of $5,494.76. The case was tried to a jury and a verdict returned for the plaintiffs, and judgment was accordingly rendered for the plaintiffs. The court denied the motions of both defendants for a new trial, in which motions it was alleged that the verdict returned by the jury was not supported by the evidence in the case. The trial court incorporated into the record his views of the evidence and its probative effect, and his conception of his duty under the law in passing on a motion for a new trial. This feature of the record gives form and substance to the only question which is presented to this court by this appeal.

The defendants contend that the trial court entertained an erroneous conception of his duty in passing on the motions for a new trial, and that the motions were denied on account of the fact that trial court refused to weigh the evidence and determine its effect, believing at the time that the law was such that he was prevented from weighing the evidence for the purpose of determining whether the verdict was supported by the evidence in the case. The record very clearly and unmistakably preserves the views of the trial court upon the questions presented by the motions for a new trial. In commenting upon the particular ground urged by the defendants for a new trial, the trial court used the following language:

"This cause was tried by a jury after having the instructions given in the case and the case argued. There were two witnesses upon the main issues in this case, the plaintiff and a member of the corporation defendant. These two witnesses' testimony were squarely and directly conflicting. The jury, after hearing the whole case, evidently believed the evidence of the plaintiff and found in his favor. I state now that I did not at the time, nor do I now, concur in this verdict, and I would not have agreed to the verdict rendered had I been on the jury, but it being a square conflict in the evidence, I feel that it is the province of the jury to weigh this testimony, and they have the power and privilege to believe one and disregard another, and that the duty of this court is simply to state whether or not there is any testimony tending to support the verdict in the case, and in this case I find that there is some testimony tending to support the verdict; and in such case, it is the duty of the jury and not the court to pass upon the weight of the testimony, and on a motion for a new trial, it is then the duty of the court to determine whether there is any evidence upon which to sustain the verdict—whether there is evidence tending to support the ver-

dict—and if there is, then I think it is the duty of the court to overrule the motion. The motion will therefore be overruled. It is further ordered that the opinion of the court in passing upon this motion may be made a part of the record in this case."

In the court's order denying the motion for a new trial, there appears the following:

"This cause was tried to a jury after instructions of the court were submitted and the case argued. There were two witnesses to the main issue, one on each side. These two witnesses' testimony are directly conflicting. The jury, after hearing the whole case, evidently believed the evidence of the plaintiff and found in his favor. The jury had a perfect right to believe one witness and disbelieve another, and while the jury believed the evidence of the plaintiff by the verdict, I would have taken the evidence of the defendants and returned a different verdict had I been on the jury, and would have refused to agree to the verdict, but the question of the weight of the evidence, and the credibility of these two witnesses, is a matter left entirely to the jury. The question presented to me by the motion for a new trial is not the weight of the evidence, but whether there is any evidence tending to support the verdict. The court, entertaining this view of the law, finds it his duty, and he is compelled under the law to overrule the motion for a new trial."

From the foregoing, it is apparent that the trial court believed that the verdict was against the weight of the evidence, but did not consider that it was his duty to set it aside for that reason, entertaining the view that so long as there was any evidence tending to support it, the court should permit it to stand. It is equally apparent to us that if the trial court had conceived that it had the power under the law to weigh the evidence and determine its probative effect upon the issues in the case, it would have granted a new trial. The law, relating to this question, is announced by Mr. Justice Dunn, in Hogan v. Bailey, 27 Okla. 20, 110 Pac. 892, as follows:

"Not only is it charged with the duty of seeing that the course and conduct of the trial gives to each of the litigants a fair opportunity to present his cause and to have the facts weighed in the light of proper instructions declaring the law relative thereto, but it is the imperative, abiding duty of the court after the jury has returned its verdict and awarded to one or the other success in the controversy, where the justness of the same is challenged as in this case, to carefully weigh the entire matter, and unless it is satisfied that the verdict is responsive to the demands of justice, to set the verdict aside and grant a new trial. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, un-

less that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand. Yarnell v. Kilgore, 15 Okla. 591, 82 Pac. 990; Trower v. Roberts, 17 Okla. 641, 89 Pac. 1113; Ten Cate v. Sharp, 8 Okla. 300, 57 Pac. 645; City of Sedan v. Church, 29 Kan. 190; Citizens' State Bank of Lawton v. Chattanooga State Bank, 23 Okla. 767, 101 Pac. 1118, and cases therein cited."

In the more recent case of White v. Dougal, 60 Okla. 200, 159 Pac. 907, this rule was adhered to, and this court in that case held:

"It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict, upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial. In passing on a motion for a new trial, it is the court, and not the jury, that must weigh and determine for itself the effect of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusions it expresses. Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

The question seems to have been settled by the decisions of this court in favor of the contention of the defendants, and the trial court, entertaining the views expressed at the time of passing on the motions for a new trial, should have set the verdict of the jury aside and granted a new trial. And it appears to us from the record that the trial court refrained from so doing only because it entertained an erroneous conception of what the rule is in the matter of weighing the evidence and determining for itself where the weight of the evidence lies when its sufficiency is challenged in the motion for a new trial.

In this case, it appears that the trial court entertained an erroneous conception of its duty in passing on the motions for a new trial, and refused to weigh the evidence and determine its effect upon the issues, and denied the motions under a mistaken notion as to what the law is. It also appears that the trial court would have granted a new trial if it had recognized its right to weigh the evidence and determine for itself the effect of such evidence upon the issues tried to the jury. This being the case, this court

cannot permit the judgment, rendered upon such a verdict, to stand, but must reverse the judgment of the trial court and direct the court below to grant a new trial.

By the Court: It is so ordered.