## DE MEGLIO v. STUDEBAKER CORPORATION OF AMERICA.

No. 9337—Opinion Filed Oct. 1, 1918.

(175 Pac. 242.)

### 1. New Trial — Grounds — Weight of Evidence—Duty of Court.

It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial.

### 2. Appeal and Error—Ruling on Motion for New Trial — Affidavits — Sufficiency of Evidence.

Where upon the hearing of a motion for a new trial the affidavits of jurors tending to impeach their verdict are admitted, and this is urged as ground for reversal of the order granting a new trial, it is necessary to show that the court relied upon the affidavits in making the order. Where the order complained of is clearly supported by the evidence aside from the affidavits. the error in admitting them will not be considered prejudicial.

### 3. Order Granting New Trial — Evidence.

Upon consideration of the record in the instant case it is found that there is ample evidence to justify the order complained of, aside from the affidavits of the jurors.

(Syllabus by Galbraith, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Studebaker Corporation of America against Edward De Meglio. Judgment for defendant, ordering a remittitur, which defendant refused to make, whereupon a new trial was granted, from which the defendant brings error. Affirmed.

Prichard & Allen and C. H. Shubert, for plaintiff in error.

Welty, McLaury & Hopps, for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from the order of the trial court granting a new trial. The action was instituted by the defendant in error against the plaintiff in error to recover the sum due on six promissory notes, for $68.75, amounting in the aggregate to $333.04, given as balance of the purchase price of a Studebaker automobile. The defense interposed

was that the automobile was defective and did not properly function in some of its parts, as it was guaranteed to do at the time of its purchase, and therefore the defendant was damaged in an amount in excess of the sum of the notes.

The case was tried to the court and a jury, and the jury returned a verdict for the defendant in the sum of $150. In support of the motion for a new trial the affidavits of nine jurors who signed the verdict were offered. These were to the effect that a mistake had been made in returning the verdict: that they intended to assess the damage sustained by the defendant in the sum of $150; that that amount should be credited on the notes, and judgment rendered for the plaintiff for the balance.

Upon the hearing of the motion for a new trial the court made findings as follows:

"That it was intended by the jurors to return a verdict in favor of the plaintiff, with a credit of $150; that such verdict is sustained by the evidence and should be rendered; but that inadvertently a verdict was rendered herein for the defendant for the sum of $150, which verdict is not sustained by the evidence. It is therefore ordered and adjudged that the defendant be and is hereby given 10 days in which to file a remittitur and allow judgment to be rendered herein in favor of the plaintiff in the amount sued for, less the said credit of $150, and, in the event that said remittitur is not filed, a new trial be and is hereby ordered and granted."

The defendant refused to make the remittitur, and thereupon the court entered an order granting a new trial, to which the defendant excepted and appealed. A reversal of the order appealed from is urged upon the ground that the trial court erred in admitting the affidavits of the jurors tending to impeach their verdict upon the hearing of the motion for a new trial.

The foregoing order of the court directing a remittitur, made in the manner set out, was justified by the decision of this court in Atchison, T. & S. F. Ry. Co. v. Cogswell, 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837. It is admitted by the defendant in error that the affidavits of the jurors were incompetent evidence, and that they could not be used for the purpose of impeaching the verdict; that, while it was error to admit the affidavits in the instant case, such errors cannot justify a reversal, unless it appeared that the trial court relied upon such incompetent evidence in making the order complained of (Kennedy v. Pawnee Trust Co., 34 Okla. 140, 126 Pac. 548); that the motion for a new trial was addressed to the discre-

tion of the trial court; that it appears on the face of the order made in response to the motion for a new trial that the court found, upon the evidence aside from the affidavits of the jurors, that the verdict returned was not sustained by the evidence, and that the verdict required by the court as a condition to denying the motion for a new trial was sustained by the evidence; that these findings are independent of the affidavits of the jurors, and are based upon the evidence of the case set out in the record. Therefore, the error in the admission of the affidavits of the jurors in support of the motion for a new trial was not prejudicial and not grounds for reversal.

We are inclined to agree with this contention. The court had the power to set aside the verdict of the jury. In fact, it was its duty to do so in response to the motion for a new trial, unless it met "the affirmative, considerate approval of the mind and conscience of the court." White v. Dougal, 60 Okla. 200, 159 Pac. 907. The applicable rule is announced in the first paragraph of the syllabi to the opinion in White v. Dougal, supra, as follows:

"It is the duty of the trial court, upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

See, also, Hennessey Oil & Gas Co. v. Neely, 62 Okla. 101, 162 Pac. 214; Horton v. Prague National Bank, 60 Okla. 240, 159 Pac. 930.

An examination of the record convinces us that the court was right in its findings, and that its action in granting a new trial, upon the refusal of the defendant to make the remittitur directed, was entirely justifiable.

We therefore conclude that the order appealed from should be affirmed. It is so ordered.

By the Court: It is so ordered.