## CHICAGO, R. I. & P. RY. CO. v. WAINSCOTT.

No. 13536—Opinion Filed Oct. 7, 1924.

1. **Negligence—Essentials of Actionable Negligence.**

To constitute actionable negligence, where the wrong was not willful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury. (2) Failure of the defendant to perform that duty. (3) Injury to the plaintiff proximately resulting from such negligence to perform that duty.

2. **Same—Failure of Proof—Demurrer to Evidence and Instructed Verdict.**

Where there is no evidence reasonably tending to show that a party sought to be charged was guilty of negligence, it is error for the trial court to submit such issue to the jury, and where the evidence fails entirely to show primary negligence, the court should sustain a demurrer and instruct a verdict for the defendant.

3. **Appeal and Error—Review—Failure of Evidence—Negligence.**

As a general rule the proximate cause of an injury in negligence cases is a question of fact to be determined by the jury, and such verdict will not be disturbed where there is any evidence reasonably tending to support the same, but where the evidence is not conflicting, and there is no evidence to support the same. nor any reasonable inference can be drawn from all the testimony that tends to support the same, the verdict of the jury is not binding upon this court.

4. **New Trial—Verdict Contrary to Evidence—Duty of Court.**

It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict upon ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that it does not meet the affirmative, considerate approval of the mind and conscience of the court, he should set it aside and grant a new trial.

(Syllabus by Ruth, C.)

Commissioners'. Opinion, Division No. 3.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by F. M. Wainscott against Chicago, Rock Island and Pacific Railway Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

C. O. Blake, W. R. Bleakmore, A. T. Boys and W. F. Collins, for plaintiff in error.

A. G. Morrison, for defendant in error.

Opinion by RUTH, C. This action was originally filed in the district court of Stephens county, by the defendant in error. as plaintiff, against the plaintiff in error, as defendant, and the parties will be designated in this opinion as they appeared in the trial court.

The material part of the plaintiff's petition alleges plaintiff was employed as a laborer connected with the storeroom department, and was engaged on the date of the injury in unloading heavy springs from cars.. That he was working on the car with his foreman. Ray Chaplin. That the springs being unloaded were from 3½ feet to 4 feet long, and weighed from 350 to 400 pounds, that plaintiff was using an iron bar with which to turn the springs so they could be "slid" out the door; that plaintiff was instructed to put the bar in the hole of the spring and turn it on edge, so Chaplin could catch hold of it and assist him; that he turned the spring so Chaplin could get hold of it; that Chaplin carelessly and negligently failed to take hold of the spring, with the result that when the spring was turned at an angle of 45 degrees the iron bar slipped out of the hole in the spring, and the spring fell back on plaintiff's foot, breaking the bones thereof and seriously injuring plaintiff. That the springs had been newly painted and fresh paint or grease of some kind had been left in the hole causing the iron bar to slip, and this condition of the spring was known to defendant and unknown to plaintiff, and it was defendant's duty to have instructed the plaintiff with reference to this fact.

Plaintiff then prays judgment in the sum of $2,500. The defendant answered by a

general denial and assumption of risk. The cause was tried to a jury and a verdict in favor of the plaintiff for $1,250 was rendered, and judgment entered thereon. The defendant filed its motion for a new trial in the following words:

"First, for error of law occurring at the trial, to which the defendant in open court excepted; second, because the verdict is contrary to law, and is not supported by the evidence; third, because the court erred in overruling the demurrer of defendant to plaintiff's evidence when plaintiff rested his case; fourth, because the court erred in refusing and overruling a motion of defendant for a peremptory instruction; fifth, because the evidence failed to show that the injury complained of by the plaintiff and upon which his suit is based was due to any negligence on the part of the defendant; sixth, that the damages awarded the plaintiff are excessive, appearing to have been given under the influence of passion or prejudice."

The motion for a new trial was by the court overruled, and the material parts of the court's order filed January 25, 1922, are as follows:

"Said motion was duly presented, and after argument of counsel and due consideration of said motion the court is of the opinion that the verdict rendered in the cause is excessive, and that a remittitur should be filed in this court within twenty (20) days from the date of this order by the plaintiff in the sum of $450, and the verdict of the jury remitted to the amount of $750 is permitted to stand; it is therefore ordered and adjudged by the court that the motion for new trial this day presented by defendant, Chicago, Rock Island and Pacific Railway Company is by the court overruled, to which action of the court in overruling said motion for a new trial, the defendant then and there in open court duly excepted and exceptions are allowed and defendant gives notice of appeal in open court etc. * * * It is further ordered that the plaintiff file in this court within twenty (20) days from the date hereof a remittitur in the sum of $450 reducing the amount of his recovery to the sum of $750, and that the defendant filed its supersedeas bond in the sum of $1,600 as required by said order, and thereafter, and on the 14th day of April, 1922, the following instrument was filed in the office of the court clerk for Stephens county, to wit:

" 'State of Oklahoma, Stephens County, ss.

" 'In the District Court in and for said County and State.

" 'F. N. Wainscott, Plaintiff, v. The Chicago, Rock Island and Pacific Railway Co., Defendant.

" 'On this 27th day of October, 1921, came the plaintiff in person and by his attorney,

A. G. Morrison, also came the defendant by its attorneys, W. R. Bleakmore and E. H. Bond, this cause came on for trial in its regular order before a jury of twelve good men who being duly empaneled and sworn well and truly to try the issues joined between the plaintiff and the defendant and a true verdict render according to the evidence; and having heard the evidence, the charge of the court and the argument of counsel, on their oaths find:

'We, the jury, empaneled and sworn to try the said cause do upon our oaths find for the plaintiff and assess his damages for $1,250.

"It is therefore, considered, ordered and adjudged by the court that the plaintiff have and recover from the defendant the sum of $1,250 together with his costs for which let execution issue.

"To which defendant duly excepted.
"Cham Jones,
"District Judge.

"O. K.

"A. G. Morrison,
"Attorney for Plaintiff.
"Attorney for Defendant.

"Endorsed:—No. 3007 T. M. Wainscott, Plaintiff, v. The Chicago, Rock Island and Pacific Railway Co., Defendant, Journal entry Filed in District Court, April 14th, 1922. G. A. Will, Court Clerk."

The defendant perfected its appeal and assigns as error: First, the district court of Stephens county, state of Oklahoma, erred in overruling the motion of plaintiff in error for a new trial; second, the court erred in rendering annd entering any judgment in said cause against plaintiff in error, for the reason that upon the failure of defendant in error to comply with the order of the court requiring him to file a remittitur therein reducing the amount of his recovery to $750 plaintiff in error was entitled to a new trial, and the rendering and entering of a judgment against it in the sum of $1,250 or for any other sum was prejudicial error.

The only evidence touching the cause of the accident was adduced from the plaintiff in person, and it appears plaintiff was unloading "loco springs" by inserting a "buggy bar" in a hole or slot in one end of the spring, raising it so Chaplin could catch hold the other end, shove the spring toward the door where it was taken in charge by other men. On the occasion of the accident plaintiff inserted the bar and attempted to turn the spring on edge so Chaplin could take hold of it and the bar slipped, permitting the spring to turn over and strike plaintiff on the foot, while plaintiff complains

Chaplin did not help **him as he should.**
Plaintiff testifies he did not have the spring turned over far enough for Chaplin to catch hold of it. Plaintiff worked the balance of the day April 7th and worked the 8th and 9th until his boss told him to go see a doctor about the swollen condition of the foot. Plaintiff went to the defendant company's office the day of the accident and testifies he made a full detailed account of the accident, and the clerk wrote it just as he told it to him, that the statement so made was true and plaintiff read it after it was written; signed the same and identified the instrument at the trial, which written statement was introduced in evidence during the cross-examination of plaintiff, and such instrument contains the following statement by plaintiff, omitting the immaterial parts:

"I have worked for the Rock Island going on three years. Had unloaded springs prior to this time. Mr. Chaplin and I would pick up the springs, carry them to the door, put them on skids and slide them down to the men outside. We were doing the work in the safest way I know of and I considered this a safe way to do the work. Used a buggy before and it never slipped. The job of setting up the spring was not too much for one man, and if I had put the bar farther in the slot it might not have slipped. Chaplin was near me, no one had hold of the bar but me. Chaplin was not at fault at all. The buggy bar was in good shape the spring was in good shape."

After reading the statement in full, plaintiff was asked numerous questions as to the truth of the detailed statement, and the final question was asked plaintiff as follows:

"Q. You read it and signed it and it is the truth? A. Why I made the statement and I don't tell anything but the truth."

The plaintiff alleged in his petition that it was the duty of Chaplin to take hold of the spring after plaintiff had "turned the spring up sufficiently so that Chaplin could get hold of it." The following questions were propounded and answers given by plaintiff:

"Q. When you put the bar in at this end to raise it up, was the other end under the spring? A. Why sure. Q. Did you get it up enough for him (Chaplin) to take hold? A. No it fell back. Q. Before you got the end out from under the other spring? A. Why, yes sir."

All the material evidence is here presented, and upon consideration of the same we are constrained to hold that plaintiff has failed to bring himself within the rule announced by this court in Oklahoma, K. & M. Ry. Co. v. Daniel, 91 Okla. 249, 217 Pac. 218, wherein it was held:

"To constitute actionable negligence, where the wrong was not wilful or intentional, three essential elements are necessary: (1) **The existence of a duty** on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff proximately resulting from such failure."

"Where there is no evidence reasonably tending to show that such party sought to be charged was guilty of negligence, it is error for the trial court to submit such issue to the jury." C. R. I. & P. Ry. Co. v. Duran, 38 Okla. 719, 134 Pac. 876.

And where the evidence fails entirely to show primary negligence, the court should sustain a demurrer and instruct a verdict in favor of defendant. Midland Valley Ry. Co. v. Graney, 77 Okla. 54, 185 Pac. 1088; Buss v. C., R. I. & P. Ry. Co., 77 Okla. 80, 186 Pac. 729.

While it has been held repeatedly by this court that a verdict of a jury will not be disturbed where there is a conflict of evidence, and questions of fact have been submitted to the jury under proper instruction (Robinson v. Peru Plow & Wheel Co., 1 Okla. 140, 31 Pac. 988 [For a full list of cases to this effect see pages 300—305, Complete Oklahoma Dig. vol. 1, Appeal and Error]) it is equally true that the verdict of the jury is not binding upon this court where the testimony in support of same is not conflicting, and where there is no positive evidence to support the same, nor any reasonable inference from all the testimony that tends to support same. C. R. I. P. Ry. Co. v. Pedigo, 102 Okla. 72, 226 Pac. 72.

In Hepner v. Quapaw Gas Co., 92 Okla. 9, 217 Pac. 438, this court said:

"As a general rule the proximate cause of an injury in negligence cases is a question of fact to be determined by the jury, but this general rule has its exception. Where all the evidence favorable to plaintiff, together with all inferences and conclusions to be reasonably drawn therefrom, is insufficient to point out clearly a causal connection between the alleged negligence of defendant and plaintiff's injury, and where no element of wilful or intentional wrong is present, it becomes a matter of law for determination by the court whether a verdict necessarily finding the alleged negligence to be the proximate cause of the injury finds sufficient support in the evidence, because it is an established rule in this state that a verdict based on speculation and conjecture will not be permitted to stand."

The plaintiff having wholly failed to prove negligence on the part of the defendant, or the failure to perform any duty owed by the

defendant to the plaintiff, the court erred in refusing to sustain the demurrer of the defendant to the evidence of the plaintiff.

The second assignment of error argued by defendant is predicated upon the court's action in rendering judgment for the plaintiff for $1,200 on April 14, 1920, after the court had overruled defendant's motion for a new trial on January 25, 1920, and ordered the plaintiff to file a remittitur for $450 reducing the judgment to $750. This order of the court was not complied with by the plaintiff, who objected to the order of the court; saved his exceptions, and gave notice of appeal therefrom. It thereupon became the plain duty of the court to grant the defendant a new trial, as the court was without authority to reduce a verdict and render judgment for the reduced amount without the consent and over the objection of the plaintiff. A., T. & S. F. Ry. Co. v. Cogswell 23 Okla. 181, 99 Pac. 923; Massadillo v. Railway Co., 89 Tenn. 661, 15 S. W. 445; Brown v. McLeish et al., 71 Iowa, 381, 32 N. W. 385; Noel v. Dubuque, Bollover & Miss. Ry. Co., 44 Iowa. 293; Young v. Cowden, 98 Tenn. 577, 40 S. W. 1088.

In A., T. & S. F. Ry. Co. v. Cogswell, supra, this court said:

"In its motion for a new trial, some of the grounds assigned by plaintiff in error were: 'Because said verdict is for excessive damages appearing to have been given under the influence of passion and prejudice'; 'because the verdict is not sustained by sufficient evidence'; and 'because it is contrary to the evidence.' The court upon hearing the motion required the plaintiff to accept a judgment for $1,000 in lieu of the amount fixed by the jury, which plaintiff declined to do. The court thereupon remitted $600 from the amount fixed by the jury, overruled plaintiff's in errors motion for a new trial, and rendered judgment for the sum of $1,000. 'This act of the court is complained of by plaintiff in error in its petition and by defendant in error in his cross-appeal, and was error as to both. The code in force in the Indian Territory at the time of the trial of this case provided that the court may vacate and set aside the verdict of a jury and grant a new trial upon several grounds among which are the following: 'Excessive damages appearing to have been given under the influence of passion or prejudice'; 'the verdict or decision is not sustained by sufficient evidence, or is contrary to law.' Section 5151, Mansfield's Dig. Ark. As was said by the court in Kennon v. Gilmer, 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110, under this statute, as at common law, the court upon the hearing of a motion for a new trial may in the exercise of its judicial discretion grant or deny a motion for a new trial, or may order that a new trial be granted unless the plaintiff elects to remit the excessive part of the verdict, and, if he does remit, that judgment be entered for the amount of the verdict less the amount remitted. See, also, Little Rock & Ft. Smith Ry. Co. v. Barker et al., 39 Ark. 491; Northern Pacific Ry. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590; 29 L. Ed. 755; Railway Co. v. Turley, 1 Ind. Ter. 283, 37 S. W. 52; Blunt v. Little, 3 Mason, 102, Fed. cas. No. 1, 578. * * * It is therefore apparent that the action of the court in rendering judgment for the reduced amount was error as to the plaintiff, for, when he refused to remit, the court was only authorized to grant a new trial."

In White v. Dougal, 60 Okla. 200, 159 Pac. 907, this court said:

"It is the duty of the trial court, upon a motion for a new trial which challenges the verdict, upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and be believes it should have been for the opposite party it is his duty to set it aside and grant a new trial."

"In passing on a motion for a new trial it is the court, and not the jury, that must weigh and determine for itself the effect of the evidence. It cannot be said that a court approves a verdict when its reason and judgment rebel against the conclusions it expresses."

"Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not where challenged be permitted to stand. Horton v. Prague National Bank, 60 Okla. 240, 159 Pac. 930; De Meglio v. Studebaker Corporation of America, 73 Okla. 177, 175 Pac. 342; Hennessey Oil & Gas Co. et al. v. Neely, 62 Okla. 101, 162 Pac. 214.

In the case at bar the trial court entertained an erroneous conception of its duty in passing on the motion for a new trial, and refused to weigh the evidence and determine its effect, and denied the motion for a new trial.

The verdict did not meet with the affirmative, considerate approval of the mind and conscience of the court, and the court ordered a remittitur, and it is apparent from the record herein that had the court properly recognized its right to weigh the evidence and determine its effect. it would have granted a new trial, and having failed so to do, this court must correct the error of the court below.

For the reasons herein stated, the judgment of the court below should be reversed and this cause remanded to the trial court with instructions to grant a new trial.

By the Court: It is so ordered.