### HANNA v. WILLIAMS et al.

No. 17193.    Opinion Filed Dec. 6 1927.

(Syllabus.)

New Trial—Motion on Ground of Insufficiency of Evidence—Determination by Court.

Paragraph No. 1 of the syllabus in the case of Hennessey Oil & Gas Co. v. Neely, 62 Okla. 101, 162 Pac. 214, is hereby adopted as the syllabus in this case.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Dessa Hanna against P. R. Williams and others. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

Wilson, Murphey & Duncan and R. W. Stoutz, for plaintiff in error.

Rainey, Flynn, Green & Anderson, Grinstead, Scott, Hamilton & Gross, Fred D. Oiler, and Calvin Jones, for defendants in error.

HERR, C. This is an action by Dessa L. Hanna against P. R. Williams and several others, as defendants, to recover a commission for the sale of certain oil properties. The plaintiff obtained a verdict. This verdict was set aside on motion of defendants, and a new trial granted. Plaintiff appeals.

The record discloses that the court granted the new trial on the sole ground that the evidence was insufficient to support the verdict. The evidence is conflicting, and there is no doubt that there was sufficient evidence upon which to submit the case to the jury. The trial court would have committed error had he sustained a demurrer to the evidence. Quite a different proposition, however, is presented where the trial court, in the exercise of its discretion, grants a new trial on the ground of insufficiency of the evidence to support the verdict.

In the case of Hennessey Oil & Gas Co. v. Neely, 62 Okla. 101, 162 Pac. 214, this court lays down the following rule:

"In passing on a motion for a new trial, in which motion the verdict of the jury is challenged upon the ground that it is not supported by the evidence in the case, it is the duty of the court to weigh the evidence and determine its effect, and if the verdict is one which he cannot conscientiously approve, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

The above rule is so well established in this jurisdiction that further citation of authorities is deemed unnecessary.

As the case must be retried, we refrain from discussing the evidence, only to say that a verdict either way, when approved by the trial court, would, without doubt, be upheld on appeal.

Judgment should be affirmed.

BENNETT, LEACH, HALL, and DIFFENDAFFER, Commissioners, concur.