## CASH v. STATE.

No. 19607. Opinion Filed Nov. 18, 1930.

Ross Rizley, R. B. Loofbourrow, Orlando F. Sweet, and Clyde L. Miles, for plaintiff in error.

J. L. Griffitts, for defendant in error.

LESTER, V. C. J. The plaintiff in error appeals from an order of the court granting the state of Oklahoma a new trial in a civil proceeding prosecuted under section 8059, C. O. S. 1921, which provides:

"Whenever any woman residing in any county of this state is delivered of a bastard child, or is pregnant with a child which if born alive will be a bastard, complaint may be made in writing, duly verified, by any person to the county court of the county where such woman resides, stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the name of the state against the accused as defendant."

The plaintiff in error was prosecuted under said section. The jury rendered a verdict for the plaintiff in error. Motion for new trial was filed by the state and sustained and the first proposition presented on appeal is that the court erred in overruling the defendant's demurrer to the amended complaint, for the reason that the court was without jurisdiction of said action.

The plaintiff in error contends that the evidence does not show that the prosecutrix or complainant was a resident of Harper county at the time complaint was filed against the defendant.

The prosecutrix testified, C.-M. 32:

"Q. Where do you live? A. Laverne, Okla. Q. How long have you lived there? A. I have lived there the last time since the 30 of September. Q. When did you first come to Laverne? A. May 25, 1925. Q. Have you at any time since your arrival in Harper county, in May 25, 1925, established a residence permanently anywhere else? A. No, sir; I have not."

The plaintiff in error cites the case of Pinkstaff v. State, 112 Okla. 91, 240 Pac. 107, wherein it is said:

"In an action sought to be brought under section 8059, C. O. S. 1921, against the father of an illegitimate child for bastardy, the fact of the residence of the mother of such child is jurisdictional, and a complaint which fails to state that the mother of such child is a resident of the county in which the action is brought is not sufficient to constitute a cause of action."

In this case the amended complaint (C.-M. 13) recites that Ruby Brock is a female person and a resident of Harper county in the state of Oklahoma, and was at all times a resident of said county and state.

Section 8059, supra, provides in part: "Whenever any woman residing in any county of this state is delivered of a bastard child. * * * complaint may be made. * * *" Thus it is seen that the statutes only require that she be residing in the county where the complaint is made.

The statute relating to the situs of a woman is made for her convenience, and the jurisdiction of the cause is fixed in the county where she is then residing in the state. It frequently happens that where an unfortunate woman becomes the mother of an illegitimate child she is cast off and shunned by almost everyone, save and except her mother, and in the instant case the complainant's mother died during the early infancy of the complainant. We do not think that the statute herein requires that degree of a permanent, fixed, and legal residence as generally understood and required under other proceedings.

In the instant case the complainant had resided for several weeks in Harper county before filing the complaint. Harper county was her only known place of residence. To hold that the complainant in the circumstances of the present case was not residing in Harper county at the time of the filing of the complaint would defeat the letter and the spirit of section 8059, supra.

The second proposition urged by the plaintiff in error is that the court committed error in sustaining the motion for new trial, and he cites the case of Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; however, the plaintiff in error concedes that said case is not exactly analogous with the proposition here presented.

The plaintiff in error also cites the case of Van Arsdale & Osborne Brokerage Co. v. Hart, 62 Okla. 119, 162 Pac. 461, wherein it was held that in the absence of demurrer or motion for directed verdict, the sufficiency of the evidence to sustain the verdict of the jury in an action at law cannot be presented to this court on appeal and this court is concluded by the verdict of the jury unless an exception was duly taken thereto.

A new trial may be granted under the 6th subdivision of section 572, C. O. S. 1921, wherein it appears that the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law.

On the very date of the adoption of the opinion in the Van Arsdale & Osborne Brokerage Co. v. Hart, supra, to wit, Jan. 2, 1917, this court also adopted the opinion in the case of Hennessy Oil & Gas Co. v. Neeley, 62 Okla. 101, 162 Pac. 214, wherein it is stated:

"In passing on a motion for new trial, in which motion the verdict of the jury is challenged upon the ground that it is not supported by the evidence in the case, it is the duty of the court to weigh the evidence and determine its effect, and if the verdict is one which he cannot conscientiously approve, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

Evidently the court distinguished the two cases. In the examination of the first case it nowhere appears that the sufficiency of the evidence was ever called to the attention of the court, whereas in the latter case it was called to the attention of the trial court in the motion for new trial.

In the instant case the complaining witness swore positively that the accused was the father of the illegitimate child. The defendant did not see fit to deny the accusation. The trial judge saw the witnesses, heard them testify, and after the verdict was returned by the jury in favor of the defendant, and thereafter on motion of the state he granted a new trial.

After reading the entire record, we are unable to say that the trial judge abused his discretion in sustaining the motion of the state to grant a new trial on the ground that the verdict was not sustained by the evidence. It is the rule of this court that, unless a trial judge abuses his discretion in granting a new trial, his action thereon will not be disturbed. It is the judgment of this court that the action of the trial court in granting a new trial is affirmed.

MASON, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT. J., absent. CLARK, J., dissents.

CLARK, J. (dissenting). The majority opinion in this case affirms the order of the trial court in setting aside the verdict of the jury and granting a new trial in this cause.

Section 8064, C. O. S. 1921, provides the procedure for the trial of this cause and reads as follows:

"Upon the defendant being brought before the court, if he deny the truth of the complaint, the issue to be tried shall be 'guilty' or 'not guilty,' and shall be tried summarily before the court, unless the defendant demand a trial by jury."

Under no theory of the law is the burden placed upon the defendant at any stage of this proceeding to prove his innocence. If he deny the truth of the complaint, under the plain provisions of section 8064, supra, the issue to be tried shall be "guilty" or "not guilty." The right of trial by jury is a sacred right that was granted to the defendant by this section of the statute. The court in the instant case submitted the question to the jury under proper instructions.

The state, complainant in this case, did not except to a single instruction; did not file a motion for directed verdict, and the jury found the defendant "not guilty."

The order of the court in vacating and setting aside this verdict of the jury reads, in part, as follows:

"* * * Finds that said motion should be sustained for the reason that the evidence is insufficient to support the verdict."

This order of the court clearly places on the defendant the burden of proving that he was not guilty. Otherwise, it would not take evidence to support a verdict of "not guilty." No doubt, the trial court acted in good faith, but I cannot agree with the majority opinion, which holds that the trial court has authority to place the burden of proof upon the defendant to prove that he was not guilty, and then when a jury returns a verdict of not guilty, to set aside that verdict because the verdict was not supported by sufficient evidence. In my opinion, the contrary is the rule that should be followed; that it was the duty of the complainant to prove its case; that it was the duty of the state to prove its case, and, failing so to do, the trial court was without authority to require the verdict of not guilty to be supported by evidence. The burden of

proof was on the state in the instant case, and, having failed to meet that to the satisfaction of the jury, the defendant should be discharged.

The rule announced in the majority opinion leaves the right of trial by jury with the trial court. It permits the trial court to vacate a verdict that does not meet with its approval. I am fully aware of the decisions holding that a trial court may supersede the jury, while it cannot substitute its judgment for that of the jury. The defendant would be entitled, on a second trial, to a jury, yet it is too great a burden placed on the defendant that he must submit his case to the first jury and then to the second and on and on without end until a jury is found that agrees with the court. I believe the court erred in vacating the verdict of the jury on the sole and only ground that there was no testimony supporting the same.

Neither the trial court nor this court has the right to weigh the evidence. The jury was the sole judge of the weight and value of all evidence offered before it. Can it be said that our Constitution and statutes, which guarantee a trial by jury, only guarantee a trial when the verdict of the jury is satisfactory to the court? That theory of the law strikes down the right of trial by jury and makes it ineffective.

The decisions of the courts are gradually infringing upon, limiting, and rendering impotent the right of trial by jury. Trial by jury has long been cherished as one of the greatest securities of human rights, as is shown whenever excessive tyranny has undertaken to trample the people under its feet.

Venerable institution and friend of the common people, you have had a long and useful life. For more than a thousand years you have stood as a knight of honor, guarding the people's rights and redressing their wrongs. You have limited the power of rulers and modified the austerities of legislation. You have tempered justice with mercy and technicality with common sense. You have been the master of despots and the counselor of Legislatures. You have been the guardian and best friend of liberty through these thousands of years. Where you have existed, there liberty has survived the onslaught of its foes. Where you have not lived, there tyranny has ruled the people with an iron hand, and trampled their rights in the dust of degradation. You have struck a balance between the rich and poor—the strong and the weak. You have held in check the hand of avarice and greed. You

have been a comfort to the widow and a friend of the orphan.

You have been the most valiant and successful defender of the citadels of freedom. But the day of your destiny has ended and the star of your fate has declined. From your lofty standing, you have been hurled down, to be trodden upon by the mighty judge. Like Humpty Dumpty, you have had a great fall. You have been emasculated in the sanctum sanctorium of the temple of liberty. Like Caesar, you have been wounded by those you thought were your best friends.

From now on, instead of being a captain to command, you have been relegated to the position of mere adviser to the judge, and your advice may be disregarded and your counsel spurned, as it will be on many occasions. I deeply regret your misfortune and the state's vanishing rights. May God, in His vision, cause you to be re-established in your former position of umpireship of the courts where the rights of men are in dispute.