## ST. LOUIS-S. F. R. CO. v. HOWARD.

No. 24805.    April 16, 1935

E. T. Miller and Cruce & Franklin, for plaintiff in error.

C. H. Ruth, for defendant in error.

PER CURIAM. This is an action brought by the defendant in error, hereinafter called plaintiff, against the plaintiff in error, hereinafter called defendant, to recover damages for personal injury and for destruction of his automobile, and for loss of use thereof, by reason of a collision with a barricade across No. 66 Highway just west of the city of Chandler, Okla., on the night of January 29, 1929, the barricade having been placed across the highway by the defendant company while work on improvement of the crossing was being carried on.

The case was tried to a jury and resulted in a verdict in favor of the defendant. The plaintiff filed motion for a new trial, but before it was acted upon the trial court, the Honorable Wyley Jones, died. The Honorable R. P. Hill was appointed and qualified as successor to Judge Jones and it was stipulated that a transcript of the record be furnished to Judge Hill, and that he decide the motion as successor to Judge Jones. This procedure was followed, and on January 3, 1933, the motion for new trial was granted.

The order granting the new trial, so far as material to the issues here involved, is as follows:

"* * * and the court having heard argument of counsel both for and against said motion for new trial, and being fully advised in the premises, is of the opinion that the undisputed evidence contained in the record in this case entitled plaintiff, as a matter of law, to recover damages for the destruction of or damage to his automobile involved in the accident described in the evidence in this case; and for said reason said motion for new trial should be granted.

"Wherefore, it is ordered, adjudged and decreed by the court that plaintiff's motion for new trial herein be granted; and that said plaintiff be, and he is, hereby granted and given a new trial in this cause; and that the verdict of the jury heretofore rendered herein be set aside and held for naught; to which action of the court, in granting plaintiff's motion for new trial,

562

and in granting plaintiff a new trial herein, defendant, in open court, excepts, and said exceptions are allowed by the court."

The defendant appealed from the order granting the new trial.

It is conceded by both plaintiff and defendant that it is the established law in this state, unless the record discloses that the order of the trial court in granting a new trial is based on an erroneous view of some pure, simple, and unmixed questions of law, the same will not be disturbed on appeal. Hivick v. Hemme, 118 Okla. 167, 247 P. 692; McLaurin v. People's State Bank of Coyle, 95 Okla. 6, 217 P. 187; Poynter v. Beacon Falls Rubber Co., 115 Okla. 245, 242 P. 563; Aughenbaugh v. Spellman & Co., 151 Okla. 152, 2 P. (2d) 1028; Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. (2d) 428; Chicago, R. I. & P. R. Co. v. Wainscott, 103 Okla. 187 229 P. 808; Baker & Strawn v. Magnolia Pet. Co., 124 Okla. 94, 254 P. 26; Hanna v. Williams, 128 Okla. 134, 261 P. 923.

It is the contention of the defendant that the trial court by the granting of the motion erred in a pure, simple, and unmixed question of law. The language used by the court in granting the motion gives rise to this contention. It is claimed that when the court said, "The court * * * is of the opinion that the undisputed evidence * * * entitled the plaintiff, as a matter of law, to recover," he erred in a pure, simple, and unmixed question of law. There is no further light thrown upon the holding of the court. The minutes of the court show simply, "Motion for new trial sustained."

The only question involved in this appeal, therefore, is whether or not the trial court by the use of the above-quoted language erred in some pure, simple, and unmixed question of law.

The defendant argues that by the use of such language the trial court meant to hold that contributory negligence was not such a question as should have been submitted to the jury in this case, and that the primary negligence of the defendant was so completely established that it ceased to be a question for determination of the jury.

We do not believe the language of the trial court is subject to such interpretation. In the first place, it cannot be assumed by this court that the learned trial judge was not familiar with the well established law of this state which requires a question of contributory negligence to be submitted to a jury, when there is any evidence which tends to establish it; nor can it be assumed that the trial court was not familiar with the principles of law which usually require the question of primary negligence to be submitted to the jury. We do not believe that the trial court intended to state that these questions of negligence were not jury questions.

The reason given by the trial court for his ruling on the motion was that under the undisputed evidence he thought the plaintiff was entitled to recover as a matter of law. The court did not disregard the evidence, as contended by the defendant; but, on the contrary, he considered it and thought that the plaintiff, under the evidence, was entitled to recover as a matter of law. The trial court did not say what law. He may have been applying to the evidence the instructions as given by his predecessor in this case, of which the defendant does not complain. At any rate this court cannot assume that the trial court was governed by an erroneous view of the law or that the court erred in his view of the law, when the record does not disclose what view he held.

His statement is no more than a statement to the effect that he thought, from the evidence and the law, the plaintiff was entitled to recover; or a statement to the effect that he thought the plaintiff was entitled to recover. The statement does show that the trial court disapproved of the verdict of the jury and hence he granted a new trial.

The defendant in its reply brief uses this language:

"If the court in this case had granted a new trial after reaching a conclusion from a consideration of the evidence, that he could not agree with the reasoning of the jury, then this appeal would not be here"

—which we take to be an accession to the rule which gives to the trial courts a very large and extended discretion in the granting of new trials; and it is not claimed that the trial court abused his discretion in determining that a new trial should be granted, but merely that he erred on a question of law. It is by no means clear from the record that the trial court decided any question of law, or, if he did, what the question was. If he did decide a question of law, it cannot be said it was a pure, simple, and unmixed question for he says that from the evidence and the law he thought the plaintiff was entitled to recover. It would be just as logical to contend that the decision was based on some erroneous unexpressed

view of the evidence as to contend that it was based on some erroneous unexpressed view of the law. It is certainly and clearly evident that the trial court did not approve of the verdict of the jury for he thought the undisputed evidence entitled the plaintiff to recover. Under such circumstances it was his duty to grant a new trial, and this court cannot assume that the trial court held some erroneous view of the law which caused him to reach that conclusion; nor can it be assumed that it was necessary for him to have held some certain view of a question of law in order to reach that conclusion. His expression doubtless means no more than that under the evidence and the law he did not approve of the verdict.

Even if the construction contended for by the defendant should be placed on the language used by the trial court in giving his reason for the granting of a new trial, there would not be sufficient grounds for reversal of the order granting the new trial for it is established law that if the decision is right, although the reason given for it is wrong, the decision will be sustained. See James v. Coleman, 64 Okla. 99, 166 P. 210; Turner v. Crowder, 134 Okla. 215, 273 P. 349; Gibson v. Van Leuven, 147 Okla. 217, 296 P. 412.

In the latter case it is said:

" 'The granting of a new trial rests so much in the discretion of the trial court that the Supreme Court will not reverse such an order unless it is made to clearly appear that the trial court has erred in respect to some pure, simple, and unmixed question of law, and unless it can be seen that but for such error a new trial would not have been granted." James v. Coleman et al., 64 Okla. 99, 166 P. 210.'

The language of the trial court indicates one thing clearly, and that is that he disagreed with the verdict of the jury; and the defendant in its reply brief says, "Here is a case where the evidence submitted to the jury would have justified the jury in, finding a verdict for either the plaintiff or the defendant," which is an acknowledgment as to the correctness of the decision of the trial court, if it be acknowledged that the trial court considered and weighed the evidence in arriving at his conclusion. There is no complaint that the trial court exceeded his authority or erred in arriving at his conclusion, if he did so, upon consideration of the evidence. The statement of the trial court complained of is that from the evidence he reached the conclusion that the plaintiff was entitled to recover as a matter of law. It, therefore, seems clear that the evidence was considered by the trial court in reaching his conclusion, and hence it cannot be said that the court erred in some unmixed question of law. Neither can it be said that but for the error at law, if there were in fact such error, a new trial would not have been granted.

We might differ from the trial court as to whether or not the verdict of the jury should have been allowed to stand; but, in view of the decisions of this court as to the very wide discretion allowed a trial court in granting new trials, it cannot be said that the trial court erred in doing so in this case, and its decision is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. R. Gray, Frank T. McCoy, and Paul N. Humphrey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gray, and approved by Mr. McCoy and Mr. Humphrey, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.