WILLIAM HUDSON, Appellant, *v.* CHARLES M. DICKINSON, Appellee.

### APPEAL FROM LEE.

A party wishing to raise an issue on the assignment of a note, in a trial before a justice of the peace, must file an affidavit.

This action was commenced before a justice of the peace, and appealed to the Circuit, at the trial in the Circuit Court, before Sheldon, Judge, at September term, 1850, a jury being waived,

the appellee, plaintiff below, offered an assigned note in evidence, which was objected to, on the ground that it was assigned after it became due, and because it was a partnership transaction, for which one of the partners had given a receipt, which would defeat the assignment.

GLOVER & COOK, for Appellant.

T. L. DICKEY, for Appellee.

CATON, J.    All that is necessary to be decided in this case, was settled in the case of Archer *v.* Bogue.    There it was decided that the act of 2d March, 1839, entitled "*An act to amend the several laws in relation to practice in courts of law,*" is applicable to proceedings before justices of the peace.    In that case as in this, the suit was brought by the assignee of a promissory note against the maker, and there was no affidavit filed, questioning the genuineness of the assignment.    This Court said, "Upon the first assignment of error, we do not deem it necessary to look into the testimony admitted, relative to the note, as the question of assignment was not in issue."    If no issue is formed upon the assignment, without the affidavit, of course, the evidence offered on that subject was immaterial, and we cannot examine its sufficiency, in this case, any more than the Court could in that.    It was the duty of the defendant, if he intended to dispute the assignment, to notify that fact to the Court and the opposite party, in the mode pointed out by the statute.    In the absence of the affidavit, the plaintiff would not have been justified in subpœnaing witnesses to prove the assignment, and he is protected from a surprise at the trial by evidence, tending to question the assignment.    The Circuit Court decided correctly, and its judgment is affirmed.

*Judgment affirmed.*