JOHN L. GRISWOLD, Appellant, *v.* THE BOARD OF TRUSTEES OF THE PEORIA UNIVERSITY, Appellees.

APPEAL FROM PEORIA.

A subscription enures to the benefit of a corporation, although thereafter created.

In proceedings before a justice of the peace, and on appeal therefrom, the party must, if he deny the execution of any instrument in writing, whether sealed or not, upon which an action has been brought, or which shall be offered in defense or set-off, do so by affidavit. Whether the instrument offered, and on which the action is brought, be the original or not, if the execution of it is not denied, it is evidence.

Where a corporation, in existence or in contemplation, expends money upon the strength of subscriptions made in its aid, the subscribers will be liable in an action for money paid, laid out and expended.

THIS suit was commenced before a justice of the peace of Peoria county, and taken by appeal to the Circuit Court, where it was tried at November term, 1860. A trial by jury was had, and verdict and judgment for plaintiffs for $300.

The suit was brought upon the following instrument: "We, the subscribers, agree to pay the sum set opposite our respective names, for the erection of buildings and in defraying the expenses of putting in operation the College of the Synod of Illinois at Peoria, to be paid as the money shall be required to meet the expenditures as incurred for the purpose aforesaid.

| Subscribers' Names. | | | | | | Amount Subscribed. |
|---|---|---|---|---|---|---|
| John Reynolds, | - | - | - | - | - | $300 |
| John L. Griswold, | - | - | - | - | - | 600" |

Here follow the names of seventy-four others as subscribers.

4

The defendant objected to the introduction of the same in evidence, because—1st, There is no such corporation as plaintiff; 2d, There is no assessment proven; 3d, It is not payable to the plaintiff; 4th, There is no payee.mentioned in the instrument; 5th, There does not appear any consideration for the agreement; 6th, The instrument does not appear to be signed by the defendant, and appears on the face thereof to have been altered since signed.

The court overruled the objections, and admitted the instrument in evidence.

The defendant below moved to exclude the subscription paper read in evidence to the jury as secondary evidence, but the court overruled the motion, and defendant excepted.

The plaintiff asked the following instruction, among others, which were given by the court to the jury, to the giving of which defendant excepted:

6. The defendant in this suit, not having denied the execution of the instrument sued on under oath, is not entitled to dispute the execution of said instrument by himself in this case.

The defendant asked the court to instruct the jury as follows, but which the court refused to do, and the defendant excepted:

The best evidence of the contents of a written contract or subscription is the original writing or subscription itself; and if the jury believe, from the evidence, that the subscription list offered in evidence on the trial of this cause, is not the original subscription list, but a copy thereof, and that the plaintiffs have not shown the loss or destruction of the original one, then and in that case the copy of itself is not evidence of a subscription being made by defendant.

That before the copy of any obligation sued on can be properly introduced in evidence, the party offering the same must first prove the loss or destruction of the original, as the case may be; and by proof that such party has made all diligent search therefor in every place where the same could most likely be found; and if the plaintiff has not made such diligent search for the original, they will find for the defendant.

The jury are instructed that if the jury believe, from the evidence, that this subscription sued on was, by its terms, made payable to the synod of Illinois, they will find for the defendant.

4. If there is no payee named in the subscription, and the payee cannot be ascertained from the face of the instrument sued on, you will find for the defendant.

7. In order to maintain an action on this subscription, it was necessary for the plaintiff to show that assessments have been made by the corporation on all the subscribers made for the same purpose, and each one would be bound to pay that as-

sessment ; nor could either one of the subscribers be compelled to pay all his subscription whilst others paid nothing, but each one would be bound to pay *pro rata* on his subscription upon assessments made for that purpose.

8. The jury are instructed that if they believe, from the evidence, that the subscription sued on was made by defendant to the plaintiff, and intended by the parties as a gift to the plaintiff, such contract or gift cannot be enforced by the plaintiff against the defendant.

9. A corporation cannot enforce a subscription made for its benefit without consideration, without their charter or some act of the legislature or statute law gives them the power to enforce the same.

The jury are instructed that there is no law authorizing the board of trustees of Peoria University to sue upon and enforce subscriptions made to them without consideration ; and if the jury believe, from the evidence, that the instrument sued on is a mere subscription, made without any other consideration than the public good or welfare that may result from the project if completed, you will find for the defendant.

The following errors were assigned : the verdict of the jury was contrary to law ; the verdict was contrary to evidence ; the court gave erroneous instructions asked for by plaintiff; the court refused proper instructions asked by defendant; the court erroneously modified instructions asked by defendant ; the court admitted improper evidence for plaintiff, and the said judgment was given in favor of the said board of trustees of the Peoria University, whereas, by the laws of the land, it ought to have been given in favor of the said John L. Griswold.

M. WILLIAMSON, A. McCOY, JOHN D. ROUSE, and C. C. BONNEY, for Appellant.

MANNING & MERRIMAN, for Appellees.

BREESE, J. There are, really, but two questions presented in this record. The first is, was the subscription binding upon the defendant below, being made before the charter of the university was obtained ? And second, if binding upon him, was it evidence?

Upon the first point, it has been often decided, and may be now considered as settled, that such a subscription enures to the benefit of the corporation thereafter created. English and American cases to this point, are collected and referred to by this court in the case of *Cross* v. *Pinckneyville Mill Co.*, 17 Ill. 58. It is unnecessary to go over the argument of these cases.

As to the other question, the record shows that the suit was brought upon an instrument in writing purporting to be a subscription paper, with the name of the defendant thereon, as a subscriber to the amount of six hundred dollars.

This paper was offered in evidence on the trial, and was the only evidence of the contract.

It was objected to because: 1, There is no such corporation as the plaintiff; 2, No assessment proved; 3, It is not payable to the plaintiff; 4, No payee mentioned in the instrument; 5, No consideration for the agreement; 6, The instrument not appearing to be signed by the defendant, and appearing on its face to have been altered since signed. This last reason seems to be *felo de se.*

The suit having originated before a justice of the peace, and brought into the Circuit Court by appeal, there were no pleadings in writing, but the plaintiff will be presumed to have averred in the verbal statement of his case, that the writing was signed by the defendant, and that the suit was brought upon it. The law in such cases is plain and positive. No person shall be permitted to deny on trial, the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded, or set up by way of defense or set-off, unless the person so denying the same, shall, if defendant, verify his plea by affidavit, (chap. 85, Scates' Comp. 254); whether this was a copy of a copy, or the original, makes no difference. The suit was brought upon it, and its execution not being denied, it was evidence.

The act of the General Assembly, incorporating the plaintiffs under the name of the *Peoria University*, was produced without objection. The proof shows that the university was under the synod of Illinois, and if that corporation incurred liabilities on the strength of the defendant's subscription, as well as that of others, a suit as for money paid, laid out and expended, would lie against them. They had a right to become the payees and sue as such. This was decided by this court, at the last term at Springfield, in the case of *Prior* v. *Kane*, in conformity with the current of decisions on that point. In such cases, the contemplated company or college under the synod of Illinois, to be located at Peoria, is a proper promisee, and the promise of the subscriber is good to them as a third person, who, on the faith of it, had incurred expense and liabilities; and there is mutuality also, in the stock, dividends and general interests of the company to which the subscriber became entitled. *Hamilton and Deansville Plank Road Co.* v. *Rice*, 7 Barbour, 157.

Though this subscription was to be paid as the money should be required, to meet the expenditures incurred in putting in

operation the college, there is abundant evidence to show, that this money was required to meet liabilities. The defendant cheerfully paid one-half, being three hundred dollars of his subscription, but the building having been blown down, he refused to pay the other half. It is in proof, that besides this subscription of six hundred dollars, the defendant had subscribed originally for but three hundred dollars, and for six or seven scholarships, valued at three hundred dollars each. The defendant was released from his scholarships, on his raising his subscription to six hundred dollars, and though no assessments were made, this release is a waiver of assessments, and is a good consideration for the remaining three hundred dollars, for which the plaintiffs obtained judgment.

It is evident the plaintiffs have incurred large liabilities on the faith, in part, of defendant's subscription, and he ought in all justice to pay it.

We see no error in the instructions of the court. Those refused, which were asked by the defendant, the court could not well give without stultifying itself. The judgment of the court is affirmed.

*Judgment affirmed.*