## TATE v. STONE.

No. 2401.   Opinion Filed January 28, 1913.

(130 Pac. 296.)

1. **APPEAL AND ERROR** — Pleading—Verification—Effect—Admissions.   In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney.

(a)   Where a petition alleges that H. was the legal guardian of N., and the answer is a general denial, being unverified, it is admitted that H. was the legal guardian of said N.

Tate v. Stone.

(b)   It being admitted under the pleadings that H. was the guardian of N., it was error without prejudice to admit parol evidence, without any predicate being laid for the introduction of such evidence, that H. was the legal guardian of N.

2.   **INDIANS** — Lease of Allotment — Validity.   No allottee of the Choctaw or Chickasaw Tribes of Indians was permitted to lease his allotment, or any portion thereof, for a longer period than five years.

3.   **SAME.**   Every such lease, which is not evidenced by writing, setting out specifically the terms thereof, or which is not recorded in the clerk's office of the United States court for the district in which the land is allotted, or proper register of deeds' office, within three months after its execution shall be void; and the purchaser or lessee shall acquire no rights whatever by an entry or holding thereunder.   Act June 28, 1898, c. 517, 30 St. at L. 507.

4.   **JUSTICES OF THE PEACE** — Appeal—Instructions in County Court.   As to cases commenced in the justices of the peace courts after the erection of the state and appealed to the county court under section 12, art. 7 (section 197, Williams' Ann. Const. Okla.), of the Constitution of this state, the judge of said court, as a court of record, is authorized to instruct the jury as to the law applicable to the case; and said jury is bound by said instructions.

5.   **APPEAL AND ERROR**—Exclusion of Evidence—Harmless Error.   Error must affirmatively appear to have been committed in the exclusion of evidence in the trial court before a reversal on such ground may be had in this court.

(a)   Evidence excluded will not operate as reversible error, unless it affirmatively appears to have been material under the issues framed.

(Syllabus by the Court.)

*Error from Grady County Court;*
*N. M. Williams, Judge.*

Action by L. D. Stone against A. P. Tate.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*F. E. Riddle,* for plaintiff in error.

*Bond & Melton,* for defendant in error.

WILLIAMS, J.   On March 23, 1909, the defendant in error, as plaintiff, commenced a forcible detainer action against the plaintiff in error, as defendant, in a justice of the peace court for the possession of a certain tract of land.   On March 16, 1909, plaintiff served notice upon the defendant to quit.

In his petition he declares that he was "entitled to immediate possession of said land   *   *   *   by virtue of a contract with Geo. A. Harrison, of Ada, Oklahoma, guardian of Chilly Nelson, a citizen of the Choctaw Nation, and the allottee of the land above described, which said contract has been duly approved by the court as in such cases made and provided." A copy of said contract, together with the order of the court approving the same, was attached as a part thereof and identified as an exhibit. It was further declared that the defendant "is now unlawfully detaining the possession of said lands from this plaintiff, after due and legal demand made therefor." The lease contract, attached to the petition, on said lands was in favor of the plaintiff for a term of five years, commencing with the date of the lease.

The defendant demurred to the petition, on the ground (1) it neither stated facts sufficient to constitute a cause of action, nor (2) to give the court jurisdiction. Said demurrer having been overruled, defendant answered by way (1) of general denial, and (2) "defendant denies that the plaintiff is entitled to the immediate possession of said land, or any part thereof; denies that he is now unlawfully detaining the possession of said land from said plaintiff, after due and legal demand, as alleged." Said answer was unverified.

Judgment having been rendered in the justice of the peace court in favor of plaintiff, an appeal was prosecuted to the county court, where, after a trial, judgment was again rendered in favor of the plaintiff.

Plaintiff in error raises the following questions:   (1) The trial court erred in permitting the plaintiff to introduce in evidence the lease attached as exhibit to said petition, (2) in refusing to permit defendant to introduce in evidence a certain lease contract under which he claimed to be holding possession of said land, which was not recorded within three months after its execution, and (3) in directing a verdict in favor of plaintiff.

1.   Section 5648, Comp. Laws 1909 (section 3986, St. Okla. 1893) provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the

correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In *McCabe & Steen Const. Co. v. Wilson,* 17 Okla. 355, 87 Pac. 320, the petition of the plaintiff contained the allegation that J. Pratt was the general superintendent of the construction for defendant, and that one Fallahay was the foreman of the bridge gang for the defendant; and, further, it was alleged that the defendant was employed through Pratt, its general superintendent, etc. The answer, which was unverified, contained (1) a general denial, (2) allegation that the injury was caused by the act of the fellow servant, and (3) contributory negligence and assumption of risk. It was held that under the issues as framed the defendant was not entitled to prove that neither was Pratt its superintendent nor Fallahay its bridge foreman. See, also, *St. L. & S. F. R. Co. v. Cake,* 25 Okla. 227, 105 Pac. 322; *St. L. & S. F. R. Co. v. Phillips,* 17 Okla. 264, 87 Pac. 470; *United States v. Alexander et al.,* 2 Idaho (Hasb.) 386, 17 Pac. 746; *Griswold v. Trustees of Peoria University,* 26 Ill. 41, 79 Am. Dec. 361.

Under the pleadings it was admitted that George A. Harrison was the legal guardian of the allottee, Chilly Nelson; and therefore no prejudicial error was committed in permitting plaintiff to testify that said Harrison was her legal guardian. There being no controversy as to the execution of said lease, in view of the admission as to the guardianship, in any event the lease was admissible in evidence.

2. By the Atoka Agreement (Act June 28, 1898, c. 517, 30 St. at L. 495) it is provided that no allottee can lease his allotment, or any portion thereof, for a longer period than five years, and then without the privilege of renewal. The lease must be evidenced by writing, setting out specifically the terms, and recorded in the proper recorder's office of the district or county in which the land is located within three months after its execution; and any lease not meeting with such requirements is void, and the lessee acquires no right whatever to hold thereunder. See Bledsoe's Indian Land Laws, sec. 70, p. 101; 30 St. at L. 507. The lease which the defendant offered in evidence for the purpose of

justifying his holding possession of said land was executed prior to the act of April 26, 1906, c. 1876, 34 St. at L. 137, and was not recorded, as required by the provisions of the Atoka Agreement (30 St. at L. 507).

3.   Did the court err in directing a verdict in plaintiff's favor? This cause arose after the erection of the state, and having been appealed to the county court, which was a court of record, the judge of said court was authorized to instruct the jury as to the law applicable to the case; and the jury was bound by such instructions. *Baker v. Newton,* 27 Okla. 436, 112 Pac. 1034; *Crump et al. v. Pitchford,* 24 Okla. 808, 104 Pac. 911.

The defendant offered in evidence a certain lease contract from Chilly Nelson to Whiteman; but the record does not disclose when said contract was made, or whether it was acknowledged and recorded in due time.   The plaintiff objected to its introduction on the following grounds:   That it was not recorded within the time provided by law, and is therefore void, also that the lease has never been signed by Whiteman, and for the further reason that the lease has never been acknowledged by Whiteman, as provided by law, being for a period of more than one year.   Unless the lease was acknowledged and recorded within the time prescribed by law, it was void.   However, it might be admissible to show that the lessee went into possession under it.   Though the lease was void, the obtaining possession might create a relation of tenancy at will.   The record further states that the defendant offered in evidence a lease contract from Whiteman to Bassett, recorded at page 323 of volume 16 of the Register of Deeds, of Grady county, Okla., covering the lands in controversy.   Plaintiff objected to the introduction of the same, for the reason that it had not been shown that Whiteman had any authority to make such lease, or that Whiteman had any interest in the lands in controversy.   Nowhere are these leases set out in the record.

In *National Drill & Mfg. Co. v. Davis,* 29 Okla. 625, 120 Pac. 976, paragraph 2 of the syllabus is as follows:

"Error must affirmatively appear to have been committed in the exclusion of evidence in the trial court before a reversal on such ground may be had in this court.   (a) Certified copies of the

records of G. county, relating to the transaction on which the action was based, having been offered in evidence by the plaintiff in error, the defendant in error objected, on the ground that the same were not properly authenticated; but such alleged copies, including the authentication, are not made a part of the record before this court. *Held* that, in the absence of copies of such alleged certificate, this court cannot determine whether error was committed, and in that event no reversible ground is shown. (b) Evidence excluded will not operate as reversible error, unless it affirmatively appears to have been material under the issues framed."

See, also, *Herron v. M. Rumley Co.,* 29 Okla. 317, 116 Pac. 952.

If the defendant obtained a lease from the allottee, and on account of failure to comply with the requirements of the act of Congress, relative to acknowledgments and recording the same, it was void, yet, if he took possession under said void contract and held for a year, and then held from year to year, a tenancy at will might be established, and this void contract might be introduced, in order to show what notice was essential in order to terminate the tenancy. But the contract sought to be introduced in evidence in this case was from the allottee to one Whiteman, and then from Whiteman to the defendant. If the contract was void between the allottee and Whiteman, Whiteman would have no right to contract with the defendant as to the possession of said land.

The burden is upon the plaintiff in error to show error. Under the status of this record we are unable to tell whether any error was committed by the trial court. The presumption is in favor of the judgment of the lower court being free from error.

The judgment of the lower court is affirmed.

All the Justices concur.