### KRAMER v. NICHOLS-CHANDLER HOME BUILDING & BROKERAGE CO. et al.

No. 11666—Opinion Filed Oct. 14, 1924.

#### Evidence—"Legal Presumption."

A "presumption," in the true sense, that is, a legal presumption, is in its characteristic feature, a rule of law laid down by the judge, and attaching to evidentiary facts certain procedural consequences as to the duty of production of other evidence by the opponent. If the opponent does offer evidence to the contrary, the presumption disappears, and the case stands upon the facts and the reasonable inferences to be drawn therefrom. Stumpff v. Montgomery, 101 Okla. 257, 226 Pac. 65.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Victor Kramer against Nichols-Chandler Home Building & Brokerage Company and W. D. Palmer. Judgment for Nichols-Chandler Home Building & Brokerage Company, and plaintiff appeals. Affirmed on rehearing.

Hayson & Lukenbill and W. P. Kelly, for plaintiff in error.

Everest, Vaught & Brewer, for defendants in error.

On Rehearing.

Opinion by RAY, C. The facts are stated in the original opinion, 93 Okla. 227 220 Pac. 338. The law as stated in the syllabus is adhered to, but the conclusion there reached, that the legal presumption that the driver of the automobile was on some business or mission of the owner, arising from proof of the ownership of the car and the employment of the driver, was of sufficient value as evidence to entitle the case to go to the jury, although the presumption had been overcome by positive evidence, was erroneous. We think the law was correctly stated in Stumpff v. Montgomery, 101 Okla. 257, 226 Pac. 65, where it was said:

"A 'presumption.' in the true sense, that is, a legal presumption, is in its characteristic feature, a rule of law laid down by the judge, and attaching to evidentiary facts certain procedural consequences as to the duty of production of other evidence by the opponent. If the opponent does offer evidence to the contrary, the presumption disappears and the case stands upon the facts and the reasonable inferences to be drawn therefrom."

Following and approving Stumpff v. Montgomery, we think the judgment should be affirmed.

By the Court: It is so ordered.