**WEST EDMOND HUNTON LIME UNIT et al.**

v.

**LILLARD.**

No. 35863.

Supreme Court of Oklahoma.

Feb. 16, 1954.

Rehearing Denied March 16, 1954.

George Hazlett, Cleveland, Ohio, Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiffs in error.

Luther Bohanon, Bohanon & Adams, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties will be referred to herein as they appeared in the trial court.

The essential facts as alleged by plaintiff in his petition as amended in the first cause of action are that the defendant, West Edmond Hunton Lime Unit, was a statutory entity created for the operation of the West Edmond oil field; that on April 25, 1949, plaintiff was delivered by assignment an oil and gas mining lease, covering the

S½ NW¼ of Sec. 36–14N–5W, Canadian County, Oklahoma, on which there had been drilled two wells known as the Wilson No. 1 and the Wilson No. 4 to a depth of approximately 6,850 feet and which produced oil from the Bartlesville sand; that after purchasing said leasehold, plaintiff learned for the first time that defendant had been, and was then injecting under great pressure enormous quantities of salt water into the subsurface structures and into the Hoover and Tonkawa sands in the Robson No. 1 well located in the center of the NE¼ of NE¼ of Sec. 12–13N–5W, Canadian County, Oklahoma, at a depth of approximately 4,500 feet to 5,000 feet, and had been so injecting salt water into the Tonkawa and Wilcox sands of the Fox and Fox Coffey No. 1 well located in the center of the NE¼ of SW¼ of Section 36–14N–5W; that plaintiff tried to produce oil and gas from the leasehold but could not because the salt water so injected by defendant penetrated into and across the subsurface of the above-described leased premises of plaintiff and thereby destroyed the productivity of the well resulting in great damage.

For second cause of action it is alleged that when the productivity of the wells was destroyed that he attempted to remove the casing from the Wilson well No. 1 but was unable to do so, because when he attempted to pull the casing from the hole, salt water, which defendant was then injecting into the Robson and Coffey wells, flowed out of the Wilson No. 1 well and onto the surface of the surrounding land; that plaintiff at great expense attempted to cement off the flow of salt water, but was unable to do so, and was thereby prevented from recovering 4,528 feet of casing of the reasonable value of $1.50 per foot; that in attempting to pull said casing and to shut off the flow of the salt water so injected by defendant, plaintiff was required to and did expend the sum of $6,327.35, and prayed for judgment in the amount of $13,119.35; that for the third cause of action it was alleged that for the same reason as in the second cause of action he could not recover from the Wilson No. 4 well 2,442 feet of casing of the reasonable value of $1.50 per foot and had to expend $5,380.01 in pulling the casing and

prayed for judgment on this cause for $9,043.01.

The trial court sustained a demurrer to the evidence in support of the first cause of action from which no appeal has been taken. But, upon the issues formed by the pleadings, the other two causes of action were tried to a jury upon the theory that the salt water being injected by the defendant prevented the plaintiff from pulling the casing from his leasehold and caused the additional expense to plaintiff in attempting to shut off the salt water. From the jury's verdict for plaintiff for $22,000 and judgment based thereon, defendant appeals.

For reversal defendant presents its numerous assignments of error under four propositions.

Proposition one is that there was no sufficient showing of trespass to support an action for damages.

■■ Admittedly, plaintiff had the burden of proving facts essential to maintain his cause of action, and this may be accomplished by circumstantial evidence in which event it is not necessary that proof rise to a degree of certainty which will exclude every other reasonable conclusion than the one reached by the jury. Cities Service Gas Co. v. Eggers, 186 Okl. 466, 98 P.2d 1114, 126 A.L.R. 1278, and cases cited therein.

■ A brief review and résumé of the evidence discloses that the Wilson No. 1 and No. 4 wells produced oil for a long time from the Bartlesville sand, with no salt water; that there was no salt water in this area until the salt water was injected by the defendant into the Robson and Coffey wells; that when pipe was attempted to be pulled from Wilson wells 1 and 4, salt water came out of the wells with force as if the salt water were being injected under pressure.

Admittedly the defendant injected many thousand barrels of salt water under 600 or 700 lbs. of pressure per square inch daily on an offset lease just a few hundred feet from the Wilson wells; that when the pipe in the Wilson wells was shot, salt water came up into the pipe and onto the surface of the ground; that when the pipe was pulled from these wells the salt water flowed onto the surface, and the pressure gauge

in the Coffey well showed the pressure as decreasing; that after the Coffey well had been abandoned as a salt water disposal well, there was no longer any salt water in the nearby wells; and that after the salt water was no longer injected into the Coffey well, pipe was pulled in nearby wells without encountering salt water or difficulty in pulling the pipe; that when standing at the Wilson wells the chug of the pump engine at the Coffey well where the salt water was being injected, could plainly be heard and one could see a simultaneous pulsation of the salt water coming out of the Wilson wells.

From these facts the jury was warranted in concluding that plaintiff's inability to pull the pipe from the Wilson wells and the extraordinary expenses incurred in attempting to shut off the salt water resulted directly from the defendant's injection of salt water into the Coffey and Robson wells, entitling plaintiff as an adjoining property owner to recover any actual damage or injury resulting therefrom. West Edmond Salt Water Disposal Ass'n, v. Rosecrans, 204 Okl. 9, 226 P.2d 965.

█ The substance of defendant's second proposition is that if defendant caused damage to the leasehold by trespass that the trespass occurred prior to plaintiff's acquisition of the leasehold and the cause of action therefor was not assigned to plaintiff; that if any cause of action arising in tort existed, it belonged to plaintiff's assignor and could not be assigned. Citing Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okl. 96, 104 P. 51, and other cases. This may be true of a completed tort, but not of one of a continuing nature as in the instant case. As pointed out in the evidence above, but for the continued injection of salt water under pressure after the assignment of the leasehold to plaintiff he could have removed his pipe from the abandoned wells in the ordinary and usual manner without the added expense incurred in the removal of part of the pipe and the loss of the remainder of the pipe which, by reason of the salt water, he was unable to recover. This contention is without merit, Shelley v. Ozark Pipe Line

Corp., 327 Mo. 238, 37 S.W.2d 518, 75 A. L.R. 1316; 1 Am.Jur., Actions Sec. 117, page 497; 52 Am.Jur., Trespass, Sec. 18, page 849. The judgment herein was for damage appearing after plaintiff acquired title to the property and suit is maintainable for such damages, 18 Am.Jur., Deeds, Sec. 297, page 607.

██ Under the third proposition, defendants contend that the court erred in excluding evidence that the plaintiff's assignor participated in the act of injecting the salt water.

The defendants offered to prove that L. A. Chudacoff, one of plaintiff's assignors was a member of the Salt Water Disposal Association which injected the salt water into the disposal wells, which injection was the basis of plaintiff's cause of action. The evidence was excluded by the Court. We fail to see where such proffered evidence is prejudicial or material to the issues involved. The injection of the salt water complained of was long after Chudacoff had sold the lease and the personal property thereon. A party who complains of exclusion of evidence, has the burden of proving prejudicial error, Midwest Insurance Co. v. Shrader, 99 Okl. 17, 225 P. 541. This, the defendants failed to do. A judgment will not be reversed on the ground of exclusion of evidence, unless it is affirmatively shown that such evidence was material. Tate v. Stone, 35 Okl. 369, 130 P. 296.

█ Defendants' fourth and last proposition is that the correct measure of damages was not applied.

The defendants argue that assuming defendants' liability, that the proper measure of damages was the cost of plugging the wells, less, however, what he would have had to spend to plug the wells in the absence of any difficulty caused by the defendants. It is conceded that the law contemplates only that a litigant will be compensated up to the amount of his loss and no more. In this connection, we think that the record as a whole, reflects that plaintiff sought to recover only the amount of his loss. The plaintiff's damage consisted of the value of the lost pipe and the un-

usual or extra expenses plaintiff incurred in complying with the orders of the Corporation Commission in his effort to shut off the salt water that was being injected by defendant into the disposal wells under pressure. No claim was made for the money spent by the plaintiff in plugging the wells except the unusual and extraordinary expenses to which plaintiff was put by reason of the wrongful acts of defendants. That is, the normal cost of plugging the wells was not sued for. The defendants have no right to complain of the amount of the judgment in this respect. Under instruction No. 12, the Court instructed the jury as to what the plaintiff sued for, and as to what recovery the jury might give plaintiff. We think the court instructed the jury on the proper measure of damages, which they correctly applied. Therefore, this contention is untenable. The judgment is sustained by ample evidence and is not contrary to law.

Affirmed.

HALLEY, C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.