**VAN HORN DRUG COMPANY, a corporation, Plaintiff in Error,**

v.

**Thomas V. NOLAND, Defendant in Error.**

**No. 37884.**

Supreme Court of Oklahoma.

Feb. 25, 1958.

Rehearing Denied March 25, 1958.

Hoel & Horton, Stillwater, for plaintiff in error.

Fitzgerald & Houston, Stillwater, for defendant in error.

CARLILE, Justice.

Thomas V. Noland, hereinafter called plaintiff, filed his action against the defendant, Van Horn Drug Company, a corporation, to recover damages for breach of a contract to operate a cafe as manager. Judgment was entered on the verdict of a jury for the plaintiff against the defendant for $428.56, and defendant appeals.

The record discloses that on the 1st day of February, 1956, plaintiff and defendant entered into a written contract, by virtue of which plaintiff was to operate the College Steak House, an eating establishment located in Stillwater, Oklahoma, hereinafter called cafe. The plaintiff commenced operating the cafe on the 3rd day of February, 1956. He was discharged March 15, 1956.

Under the terms of the contract he was to receive $100 per week and twenty-five percent of the profits, and further provided that the cost of the merchandise and the

cost of labor should not exceed a certain percent of the gross volume of the business, and that every six months there should be a determination or review of the business to determine such percentages. The contract also provided that plaintiff should devote his best efforts to the business under the direction and control of the employer. It also contained the following clauses:

"It is mutually agreed that the term of this contract, and the period of time for which second party is hired and employed hereunder, shall be the period from February 1, 1956, to and including the 31st day of January, 1957, provided that said business shall operate at a profit and in a manner satisfactory to both parties.

"It is further agreed by and between the parties hereto that this contract may be cancelled and terminated by either or both parties hereto at any time, and with or without just cause and both parties released from any future or further liability or obligation thereafter to the other party by either or both parties hereto giving written notice to the other providing for the termination and cancellation of this agreement at the end of thirty (30) days from the date of giving such written notice to the other party."

This action was filed to recover salary for the thirty days following March 15, 1956, it being the position of plaintiff that he was entitled to the thirty days notice provided for in said contract.

Plaintiff testified at the trial that he was operating a cafe in Stillwater, Oklahoma, and Mr. Van Horn, Manager of defendant, came to him and asked him to become manager of the cafe to be located in a business rented by defendant; that he first went to the drug store operated by defendant and worked there until the building was conditioned for the cafe; that on February 1, 1956 he entered into the contract referred to above and operated under it until he was discharged on the morning of March 15, 1956, when he went to the cafe and found

that defendant had placed another party as manager in charge, and on March 17th he received a registered letter from defendant advising him that he was realeased as of March 15th.

G. C. Van Horn, Manager of defendant company, was the only other witness. His testimony was to the effect that he was dissatisfied with plaintiff, and mentioned some instances in which he thought plaintiff did not properly operate the cafe, among them being that the plaintiff did not devote his entire time to the business, and that the expenses for labor ran in excess of the percentages fixed by the contract. He also testified that the business lost money during the period plaintiff was manager. He admitted that he had agreed about March 1st to lease the cafe to a Mr. Munsell and did not inform the plaintiff thereof. The defendant, in its answer, alleged that it did not cancel or terminate the contract under the thirty days notice clause, but that plaintiff was discharged by reason of the defendant's dissatisfaction with plaintiff's services by reason of his conduct, disloyalty, negligence and inefficient management of the business. The plaintiff, in his reply, denied generally the allegations of the answer and alleged that the primary reason defendant discharged plaintiff was in order that it might effect a lucrative lease on its premises with a third party.

■ It is argued by plaintiff in error, as its first proposition, that the court erred in not sustaining its demurrer to plaintiff's evidence, and in denying its motion for a directed verdict. Defendant, in support of its first proposition, asserts that the contract of employment was to continue for one year, provided the business operated at a profit and in a manner satisfactory to both parties; that the business was not operated at a profit, and that defendant was dissatisfied with the manner in which it was operated, and likewise, was dissatisfied with plaintiff's services, and asserts that to require the giving of thirty days written notice under the circumstances shown would completely destroy the provisions of the

contract providing for termination of the employment in the event of dissatisfaction by defendant and failure of the business to operate at a profit.

We are unable to agree with the defendant, and fail to see wherein there is any conflict in the provisions of the contract of employment, or that the enforcing of one provision would nullify the other. At one point in its brief defendant states that there is no conflict between the provisions in the contract. The defendant quotes from 35 Am.Jur. 463 on "Master and Servant", which states that where one agrees to employ another as long as the services are satisfactory, the employer may, when actually dissatisfied and acting in good faith, discharge the employee. The text further states that it is proper to submit to a jury, when the evidence is conflicting, the question of whether the expressed dissatisfaction is genuine or merely feigned. The text and the rule there stated has little application to a contract such as the one now before us, which contains a provision that either party to the contract may terminate the same, with or without just cause, upon giving the specified thirty days written notice.

Under the contract in the case at bar the right of either party to terminate the contract does not depend upon the good faith or dissatisfaction of either party, but specifically provides that the contract may be terminated, with or without just cause, upon giving the required notice.

The defendant cites the case of Roxana Petroleum Co. v. Rice, 109 Okl. 161, 235 P. 502, which opinion follows a similar rule to that referred to and found in 35 Am.Jur. 463, supra. Defendant also cites the California case of Tiffany v. Pacific Sewer Pipe Co., 180 Cal. 700, 182 P. 428, 6 A.L.R. 1493, which involved a contract which required the employee to turn out a product satisfactory to the employer. The court there held that the employer's decision that he was not satisfied was conclusive on the employee. That contract apparently contained no provision for cancellation of the

contract prior to its term, and the case is without application, as we view it, to the facts and circumstances of the case at bar.

Defendant calls attention to 15 O.S.1951 § 157, which is as follows:

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."

Applying the rule to the contract here in question requires that we give effect to the clause which provides that the contract of employment may be terminated with or without cause by giving thirty days notice. The Missouri Court of Appeals in Leick v. Missouri Plating Company, 240 Mo.App. 565, 211 S.W.2d 77, 78, in construing a contract of employment which provided that it might be terminated by giving ninety days written notice, held:

"Where employment contract contained provision authorizing either party to cancel agreement upon 90 days' written notice, during which time such agreement should remain in full force, mere dissatisfaction with employee's services did not authorize employer to discharge employee in a manner other than that provided in the contract."

And in its opinion states:

" * * * It provided on its face the remedy of either party desiring to terminate the same prior to the expiration of the five year term. A 90 days' notice in writing was required during which 'the agreement shall remain in full force and effect'. There being no showing that further performance of the contract was impossible by reason of death, insanity, illness or other such happening, the cancellation clause requires strict compliance. Further performance after discharge not being permitted by the defendant, and plaintiff having admittedly tendered his services for the full 90 day period agreed to, the plaintiff became entitled, under

the express provisions of the contract, as a matter of law, to the monthly wage for the 90 days following August 28, 1945. 35 Am.Jur. 463, Section 27. The mere dissatisfaction with plaintiff's services did not alter the cancellation provision. * * *".

It will be observed that the contract now before us provides "for the termination and cancellation of this agreement at the end of thirty (30) days from the date of giving such written notice to the other party", under which contract continued in effect during the thirty day period following the giving of the notice.

On consideration of the contract as a whole, we conclude, as a matter of law, that under the facts and circumstances shown by the record, the contract of employment could not be terminated by the defendant without giving the thirty days written notice of termination, as specified in the contract.

The trial court did not err in overruling defendant's demurrer to the evidence and in denying its motion for a directed verdict in its favor.

Defendant next argues on its second proposition that the court erred in giving Instruction No. 4, which is to the effect that the jury should return a verdict for plaintiff if it found plaintiff had complied substantially with the terms of the contract, and that defendant failed to give the thirty days notice, and further instructed that if the jury did not so find, but found that defendant was in good faith dissatisfied with plaintiff's services, then their verdict should be for defendant.

Under its third proposition defendant contends that the court erred in refusing to give defendant's requested Instruction No. 1, which is to the effect that if the jury found the defendant discharged plaintiff because defendant was dissatisfied with the services of plaintiff, and acted in good faith, the verdict should be for defendant. A similar instruction was embodied in the instructions given.

Under its fourth proposition defendant says the court erred in Instruction No. 2, which is to the effect that the burden of proof was on the defendant to establish the affirmative provisions of its answer. It is apparent that it was the purpose of defendant, by the objection to the instructions given and the request for the instruction by defendant, to place before the jury its theory that it had the right in good faith under the contract to discharge plaintiff without giving him notice.

Under our construction of the contract and the facts and circumstances disclosed by the record the objections to the instructions given become immaterial. The contract, as we construe it, is clear and unambiguous and specifically requires that thirty days written notice be given in order to terminate the contract prior to its term.

"The construction to be placed upon written contracts, the terms of which are clear and unambiguous, is a question for the court and not a jury." Selected Investments Corporation v. Spencer-Sedbrook, 196 Okl. 565, 166 P.2d 764.

At the conclusion of all of the evidence each of the parties moved the court to instruct the jury to return a verdict in their favor. The defendant, having failed to give the required notice under the contract, was liable to plaintiff for the damages arising. There is no complaint or assignment of error relating to the amount of damages awarded plaintiff, the issue being on the question of whether plaintiff was entitled to recover damages, and not as to the amount. The judgment being clearly for the right party, and there being no substantial error against the defendant in the trial of the action, the judgment of the district court is affirmed.

CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON, and HALLEY, JJ., concur.