Floyd L. WALKER, Appellee,

v.

The TELEX CORPORATION and Telex
Computer Products, Inc., Appellants.

Nos. 50419, 50571.

Supreme Court of Oklahoma.

Jan. 31, 1978.

Rehearing Denied Sept. 18, 1978.

Bert McElroy, Sanders, McElroy & Carpenter, J. Warren Jackman, Walker, Jackman & Livingston, Tulsa, for appellee.

Frederic Dorwart, J. Michael Medina, Holliman, Langholz, Runnels & Dorwart,

Tulsa, Deaton, Gassaway & Davison, Inc., Ada, Serge Novovich, The Telex Corp., Tulsa, for appellants.

LAVENDER, Vice Chief Justice:

For the purpose of this opinion, we consolidated both appeals.

Floyd L. Walker (Walker), an attorney, entered into an employment contract with Telex Corporation and Telex Computer Products, Inc. (Telex, refers to both entities) on January 21, 1972. As attorney for Telex, Walker was to prosecute a civil antitrust action against International Business Machines Corporation (IBM). The contract provided for a contingent fee arrangement with a sliding scale as to the percentage of the recovery. Prior to trial, IBM brought a certain counterclaim against Telex. By its letter of April 9, 1973, Telex sought for the fee to be calculated on net recovery of Telex based on any difference between any judgment on the original action and any judgment on the counterclaim. Walker's letter of April 11, 1973, agreed to this calculation. That letter also provided that, if there was no judgment due to a prior settlement, then the fee was to be computed upon the gross profits received on any arrangement negotiated with IBM in settlement that was in lieu of cash settlement to Telex.[1]

At trial in the federal district court, Telex was granted a two hundred fifty million dollar judgment against IBM with IBM receiving an eighteen and one-half million dollar judgment against Telex on its counterclaim. Both judgments were appealed to the Circuit Court of Appeals. There, the Telex judgment was reversed, and the IBM judgment on the counterclaim was affirmed. Telex filed its petition for Writ of Certiorari as to both actions with the Supreme Court of the United States.

While the petition for Writ of Certiorari was pending, Telex and IBM settled the litigation, with the knowledge but without the consent of Walker. This was proper under the employment contract. Principal effect of the settlement was the forgoing of any judgment by either party.[2] Mechanically, Telex withdrew its petition for Writ of Certiorari from the Supreme Court. This made the actions of the Circuit Court of Appeals final, including the reversal of the Telex judgment. IBM gave a release and satisfaction of its judgment to Telex. No monies were paid for this release.

Walker brought an action under the employment contract against Telex. A counterclaim was filed by Telex. That counterclaim contained two counts contending Walker was negligent in defending the IBM counterclaim, and that Walker was responsible for fees paid by Telex to other attorneys in the course of the IBM litigation. Trial court granted a partial summary judgment, finding Walker was entitled to recover, with that amount based on the benefit to Telex of the settlement with IBM. Trial court submitted the issue of value of the settlement benefit to a jury. Jury determined that value to be approximately twenty two million dollars. Trial court entered judgment for attorney, based on that jury determined value, of some one million four hundred thousand dollars. On the counterclaim, the trial court granted summary judgment for Walker as to the negligence count. The second count was tried to the court, in conjunction with the jury trial, with judgment entered for Walker and recovery denied Telex. Telex appeals.

On appeal, both parties would first argue the employment contract not to be ambiguous. But, each would apply a different

---

1. Pertinent part of the Walker letter of April 11, 1973, reads:

    "In the event no judgment is obtained because of a prior settlement, then it is my position that the contingent fee should be computed upon the gross profits, before taxes, received upon any business deals or arrangements negotiated with IBM in settlement of the case, and where such business deal or arrangement is in lieu of a cash payment or settlement to Telex."

2. There was an unappealed part of the judgment in the federal trial court awarding IBM some $16,776.00 and injunctive relief that is not material to the appeal here.

provision of the whole contract, found by the trial court to consist of the original agreement and the two subsequent letters. Telex suggests no judgment was in its favor with an eighteen million plus against it, so no net recovery to Telex on which Walker can seek an attorney fee. Walker says there was a settlement in lieu of cash payment through a business arrangement that had gross benefit to Telex with an attorney fee earned and based on that value.

■ The construction of an unambiguous contract is a matter of law for the court. *Van Horn Drug Co. v. Noland*, Okl., 323 P.2d 366 (1958). If an ambiguity arises by reason of the language used and not because of extrinsic facts, construction of the contract remains a question of law for the court. See *Paclawski v. Bristol Laboratories, Inc.*, Okl., 425 P.2d 452, 456 (1967). In present case, if there is any ambiguity in the contract, it comes from the language used and not because of extrinsic facts.

■ The term "profit," as applied to a corporation, covers benefits of any kind, the excess of value over cost, acquisition beyond expenditure, gain or advance. "Profit," Black's Law Dictionary, Revised Fourth Edition, p. 1376, citing *Booth v. Gross, Kelley & Co.*, 30 N.M. 465, 238 P. 829, 831, 41 A.L.R. 868.

■ We apply the settlement portion of the contract. The trial court was correct in granting, as a matter of law, a partial summary judgment as to recovery by Walker. The facts surrounding the settlement were not in dispute. Although there had been trial judgments, and a judgment remaining after an appeal, there was no final judgment at the time of the settlement between Telex and IBM. The appeal court's action was pending review by the Supreme Court through a petition for Writ of Certiorari. Settlement came prior to withdrawal, granting, or denial of that petition. At settlement time, there was no judgment. Two considerations of unknown, and possibly of unequal, value were exchanged. A possibility of a judgment against IBM was forgiven in exchange for forgiving the possibility of a judgment against Telex. Settlement was in lieu of any cash payment to Telex. There was "benefit" to Telex with its value being a disputed fact and correctly made a jury question by the trial court.

■ Trial was to both a jury and the court. The jury issue was limited solely to the value of the benefit of the settlement to Telex. On appeal, Telex complains of the presumption and shifting of the burden of proof contained in the instructions to the jury. The trial court instructed the jury the law directed a deduction to be made by reason of a presumption that the value of the benefit to Telex was the accrued amount on the counterclaim judgment of some twenty two million dollars,[3] and because of such a presumption, the burden of proof had shifted to Telex to establish by a preponderance of the evidence a lesser value to Telex.[4] This then was coupled with a form of verdict containing an interrogatory that required the jury to consider the pre-

3. "INSTRUCTION NO. 3

"You are instructed that a presumption is a deduction which the law expressly directs to be made from particular facts. A disputable or rebuttable presumption may be controverted by other evidence, direct or indirect, but unless so controverted, the jury is bound to find in accord with the presumptions.

"You are instructed that it is undisputed that the amount accrued on IBM's counterclaim judgment as of October 3, 1975 was the sum of $22,281,095.89 and it is undisputed that IBM exonerated Telex from payment of that judgment on October 3, 1975. A presumption is thus created that the value of the benefit resulting to Telex was the amount of the obligation forgiven. The presumption thus created may be overcome by evidence that no benefit, or a lesser benefit resulted to Telex."

4. "INSTRUCTION NO. 4

"You are instructed that the term 'burden of proof' means the burden resting upon a party to prove the truth of a claim made by such party when it has been denied by an opposing party. You are instructed that in view of the presumption in this case that the value of the benefit to Telex was $22,281,095.89, the plaintiff has thus made out a prima facie case and the burden of proof is shifted to the defendants to establish by a preponderance of the evidence that the forgiveness of Telex's counterclaim obligation, in fact, had a lesser value to Telex."

sumed value first.[5] Telex objected to both the instructions and the form of the verdict.

Walker contends the IBM judgment is an obligation in a fixed amount and carries with it the presumption of worth at its face value, as if a note or bond. That position is unsound. There is no presumption of finality of that judgment. Until that judgment became final, there was no fixed obligation. But, says Walker, the judgment did become final upon withdrawal of petition for Writ of Certiorari. We do not dissect the settlement. The petition withdrawal was a mechanical means of carrying out the settlement. At the time of the arrangement between IBM and Telex, the IBM judgment was not final. That judgment was not a fixed obligation and did not carry with it a presumption of worth of the face value. Nor does a presumption shift the burden of proof, but rather has certain procedural consequences as to the duty of production of other evidence by the opponent. The presumption disappears if evidence to the contrary is offered by the opponent. *Kramer v. Nichols-Chandler Home Building & Brokerage Co.*, 103 Okl. 208, 229 P. 767 (1924); *Rotramel v. Public Service Company*, Okl., 546 P.2d 1015, 1018 (1976).

Telex's officers testified of the company's inability to immediately respond in payment on the IBM judgment thereby discounting its face value; of problems with any long term payment under any negotiated schedule with IBM; of the IBM judgment's affect on Telex's future, including its ability to raise capital, borrow money, or even remain in business. These factors, along with the uncertain fate of the peti-

tion for certiorari before the Supreme Court of the United States, causes the disappearance of any presumption that the value of the benefit of the settlement to Telex was the face value of the IBM judgment. Here, there is no presumption as to value giving rise to a prima facie case, and causing a shifting of the burden of proof as the jury was instructed. The evidence of either party, Walker or Telex, must be weighed by the jury. In determining that issue, the maximum value of the benefit could not be more than the face value with earned interest at the time of the settlement; neither, could there be no benefit to Telex under its own evidence of the detriment to it of a judgment in those amounts coupled with the uncertainty of any relief from the IBM judgment through the pending petition for certiorari before the United States Supreme Court.

Although an interrogatory submitted to the jury may be equivalent to a general verdict if it contains only the issue of fact to be determined,[6] we have difficulty with the form of the verdict, here. The jury was required to answer an interrogatory concerning the presumed value before it was to consider and answer an interrogatory as to the jury's independent value of any benefit to Telex.

We hold the jury instruction as to the presumed value of the IBM judgment, along with the instruction on the shifting of the burden of proof, coupled with the form of the verdict, were prejudicial to, and affects the substantial rights of, Telex so as to result in reversible error.

5. "We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find the issues for the PLAINTIFF and fix THE BENEFIT RECEIVED BY TELEX IN ACCORDANCE WITH THE INTERROGATORIES ATTACHED HERETO.

"INTERROGATORY NUMBER 1:

"Do you find that the value of the benefit received by Telex as a result of the release and satisfaction of IBM's counterclaim judgment was the sum of $22,281,095.89? (This interrogatory should be answered 'yes' or 'no.')

ANSWER:  YES

"If Interrogatory Number 1 has been answered 'yes,' then Interrogatory Number 2 need not

be answered; however, if your answer to Interrogatory Number 1 was 'no,' then you must answer Interrogatory Number 2.

"INTERROGATORY NUMBER 2:

"What, then, was the value, if any, of the benefit received by Telex as a result of the release and satisfaction of IBM's counterclaim judgment?

ANSWER: _____"

6. *American Employers' Insurance Co. v. McGeehee*, Okl., 485 P.2d 754 (1971) citing *Edwards v. Rutland Savings Bank*, 181 Okl. 643, 75 P.2d 1152 (1938); *First National Bank of Oktaha v. Jones*, 111 Okl. 116, 238 P. 488 (1925).

■ Telex complains of the trial court allowing into evidence and the going to the jury of the original contract but not the two qualifying letters, which the trial court held to be part of the whole contract. The original contract was allowed into evidence over the objection of Walker and not of Telex. Value of the benefit to Telex of the settlement was the jury issue. The contract provisions were not material to that determination. Any error of the trial court as to allowing only a part of the contract to go to the jury was without prejudice to Telex. Any error resulting from admission of that evidence or the exclusion of the letters was harmless error and not the basis for reversal. *Cravens v. Hughes*, 207 Okl. 503, 250 P.2d 877 (1952); *West Edmond Hunton Lime Unit v. Lillard*, Okl., 265 P.2d 730 (1954).

■ On the Telex counterclaim, summary judgment was granted Walker on the negligent count, and after trial to the court, recovery was denied Telex for payment by Telex of fees to other attorneys. In ruling on the summary judgment, the trial court had before it affidavits of competent attorneys reflecting large number of hours spent defending the IBM counterclaim. Although there was a dispute between Walker and Telex as to who was responsible for the fees of other attorneys, as indicated in the second count of the Telex counterclaim, the undisputed devotion of such huge number of hours by these additional and undisputedly competent attorneys prevents a fact issue of any negligence in the representation of Telex on the IBM counterclaim. There is no contention, or evidence, the employment of additional attorneys resulted from the failure of Walker to perform his responsibilities in relationship to defense of the IBM counterclaim. The trial court did not err in granting summary judgment to Walker on the negligence count of the Telex counterclaim.

■ Telex complains of no jury trial on the second count of the counterclaim. The issue as to whether Walker or Telex was responsible for the additional fees became a law question for the court and its interpretation of the employment contract. The trial court ruled an additional letter of Walker written after the trial of the Telex-IBM litigation was without consideration and did not modify the employment contract making Walker liable for additional attorney fees regardless as to whether their employment was by Walker or Telex. Telex says its position as to this additional letter is not a modification of the contract, but evidence of Walker's interpretation of the employment contract that Walker was responsible for the fees of the additional attorneys. The trial court had before it that additional Walker letter and refused to so interpret the whole employment contract, consisting of the original agreement and the two subsequent modifying letters. As heretofore determined in this opinion, the construction of the contract of employment, here, was a matter of law for the court. *Van Horn Drug Co., supra.* This includes those provisions concerning payment of other employed attorneys. Trial court found that responsibility to be that of Telex. We find no reversible error in that determination and refuse recovery to Telex on the second count of its counterclaim.

Judgments on the counterclaim are affirmed. We reverse and remand for a new trial on the issue of the value of the benefit to Telex by reason of the settlement with the subsequent recovery to Walker being the attorney fee bottomed on that value.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.